### (January 15, 1974)

■ EQUITABLE LUMBER CORP., Appellant, v. NORTHEASTERN CONST. CORP. et al., Respondents.—Appeal by plaintiff from two orders of the Supreme Court, Nassau County, (1) one dated May 17, 1973 and entered in Kings County August 27, 1973, which, upon plaintiff's motion (a) to punish defendant Gilbert Siris and his wife, Dorothy Siris, for contempt of court for their refusal to continue with an oral examination in proceedings supplementary to judgment and (b) to compel Mr. and Mrs. Siris to continue in said examination, permitted plaintiff to serve written interrogatories in lieu of oral examination, and (2) the other dated July 16, 1973, which denied plaintiff's renewed motion to punish Mr. and Mrs. Siris for contempt of court for violation of a restraining notice served on September 27, 1971. Order of July 16, 1973 affirmed, without costs. Order of May 17, 1973 reversed, on the law and the facts, with $20 costs and disbursements, and motion to punish for contempt granted, respondent Gilbert Siris and his wife, Dorothy Siris, are fined $250 each, payable to plaintiff on or before January 29, 1974, and directed to appear for oral examination within 15 days after entry of the order to be made hereon, upon three days' written notice by plaintiff's attorney to their attorney, unless they pay $100 costs and the separate costs and disbursements of these appeals hereinabove awarded to plaintiff and submit to a physical examination, at their expense, by Dr. Theodore Mandelbaum at his office at 165 North Village Avenue, Rockville Centre, New York, on January 29, 1974 at 10 A.M. If Dr. Mandelbaum reports that their physical condition does not prevent them from being examined orally in the proceedings supplementary to judgment, they are directed to appear for such oral examination at the office of the Clerk of Special Term, Part II, Supreme Court, Nassau County, at 10 A.M. on the second Monday following such report. If Dr. Mandelbaum reports that an oral examination would be so harmful as to seriously endanger their physical condition, then written interrogatories may be submitted in lieu of oral examination. In our opinion, it has been shown prima facie that Mr. and Mrs. Siris willfully evaded continued oral examination. Only if physical examination by a court-designated doctor shows that oral examination would be harmful to their health should written interrogatories be permitted. Gulotta, P. J., Martuscello, Shapiro, Benjamin and Munder, JJ., concur.