■ Jennifer Duncan, Respondent, v 605 Third Avenue, LLC, et al., Defendants and Third-Party Plaintiffs, and Vaughan Carpet, Inc., Appellant. John Wiley & Sons, Inc., Third-Party Defendant-Appellant. [853 NYS2d 592]—

Due to the plaintiff's medical condition, her deposition was conducted on various dates at her Brooklyn apartment, and each session was of limited duration. At the fourth such session, the court reporter refused to proceed with the transcription of the plaintiff's testimony, due to the allegedly unsanitary condition of the apartment. Shortly thereafter, at a conference before the Supreme Court, the appellants requested an order directing that the plaintiff's deposition be completed at a neutral site approved by her doctors. In an order dated December 15, 2006, the Supreme Court, inter alia, directed instead that the appellants "continue [the] deposition of plaintiff via written interrogatories, as opposed to oral deposition."

The appellants separately moved to vacate so much of the order dated December 15, 2006, as required them to resort to written interrogatories. The plaintiff opposed the motions on the ground that she was unable to travel outside of her home

due to her medical condition. During the pendency of the motions, the plaintiff relocated to Sullivan County. In the order appealed from, the Supreme Court denied the appellants' motions.

Although the plaintiff submitted an unsigned report by a physician indicating that her medical condition requires her to avoid travel outside her home and exposure to other individuals, there is no evidence in the record demonstrating that an oral examination, particularly one conducted via live video conferencing and not requiring the plaintiff to leave her home, "would be so harmful as to seriously endanger [the plaintiff's] physical condition" (*Equitable Lbr. Co. v Northeastern Const. Corp.*, 43 AD2d 845 [1974]). The appellants "should not be required to examine the witness by written interrogatories in the absence of a certification by a court-designated physician that oral examination would be harmful to her health" (*Randall v Schwartz*, 84 AD2d 525 [1981]; *see Equitable Lbr. Corp. v Northeastern Const. Corp.*, 43 AD2d at 845).

Accordingly, the Supreme Court should have granted the appellants' respective motions to vacate so much of the order dated December 15, 2006, as limited their disclosure from the plaintiff to written interrogatories. The appellants are entitled to depose the plaintiff, to the extent indicated herein. In the event that the plaintiff is able to show that such an examination would endanger her health, she may move in the Supreme Court for a protective order, which may be granted if supported by the certification of a court-designated physician establishing that an oral examination, including one conducted by means of live video conferencing, would be harmful to the plaintiff's health. Prudenti, P.J., Skelos, Miller, Covello and McCarthy, JJ., concur.