■ JOSEPH LOTARDO, Appellant, v MARY LOTARDO, Respondent. [818 NYS2d 568]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Bivona, J.), dated April 11, 2005, as granted that branch of the defendant's motion pursuant to CPLR 3126 which was to preclude him from testifying on the issue of his income only to the extent of conditionally precluding him from testifying on that issue unless he provides certain financial documents by a date certain, and pays an attorney's fee in the sum of $3,000.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Generally, the nature and degree of the penalty to be imposed pursuant to CPLR 3126 against a party who refuses to comply with court-ordered discovery is a matter within the discretion of the court (*see* CPLR 3126; *Kihl v Pfeffer*, 94 NY2d 118, 122 [1999]; *Jaffe v Hubbard*, 299 AD2d 395, 396 [2002]). Absent an improvident exercise of discretion, the determination to impose sanctions for conduct that frustrates the purpose of the CPLR should not be disturbed (*see Mahopac Ophthalmology, P.C. v Tarasevich*, 21 AD3d 351, 352 [2005]; *Jaffe v Hubbard*, 299 AD2d at 396, *supra*; *Miller v Duffy*, 126 AD2d 527, 528 [1987]).

The plaintiff failed to timely and adequately comply with court-ordered discovery, and failed to provide a reasonable excuse for his failure. Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the defendant's motion which was, inter alia, for a conditional order of preclusion (*see* CPLR 3126).

The plaintiff's remaining contention does not require reversal. Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.