■ Cheryl A. Isaacs, Respondent, v Mark P. Isaacs, Appellant. [897 NYS2d 225]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Nassau County (Falanga, J.), entered August 13, 2009, which, inter alia, granted those branches of the plaintiff's cross motion which were to conditionally preclude him from presenting evidence at trial pursuant to CPLR 3126, and to direct him to pay certain expenses pertaining to the parties' children, for an appraisal of the marital home, and the plaintiff's interim counsel fee.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court directed the defendant to pay, inter alia, the plaintiff's interim counsel fee in the sum of $10,000, to be paid in installments of $1,000 per month. Domestic Relations Law § 237 authorizes trial courts, in their discretion, to award interim counsel fees as justice requires (*see DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *Prichep v Prichep*, 52 AD3d 61 [2008]). Despite the defendant's argument that the plaintiff failed to establish his ability to pay interim counsel fees, his ability to pay was established based on the Supreme Court's in camera review of various financial documents he produced. In any event, unlike a final award of counsel fees, a detailed inquiry or evidentiary hearing is not required prior to the award of interim counsel fees (*see Prichep v Prichep*, 52 AD3d at 65; *Singer v Singer*, 16 AD3d 666 [2005]; *Flach v Flach*, 114 AD2d 929 [1985]). Here, the plaintiff is an unemployed homemaker with no income, while the defendant is employed as a matrimonial attorney. Thus, contrary to the defendant's contentions, the Supreme Court appropriately awarded the plaintiff interim counsel fees in order to ensure that "the nonmonied spouse will be able to litigate the action . . . on equal footing with the monied spouse" (*Prichep v Prichep*, 52 AD3d at 65).

The defendant further argues that the Supreme Court erroneously directed him to produce detailed responses to the wife's discovery demands, and improperly granted a conditional order of preclusion in the event of his noncompliance. Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court (*see Pryzant v City of New York*, 300 AD2d 383 [2002]; *Kingsley v Kantor*, 265 AD2d 529 [1999]; *Kelleher v Mt. Kisco Med. Group*, 264 AD2d 760 [1999]; *Roach v Roach*, 193 AD2d 660 [1993]). "Absent an improvident exercise of discretion, the determination to impose sanctions for conduct that frustrates the purpose of the CPLR should not be disturbed" (*Lotardo v Lotardo*, 31 AD3d 504, 505 [2006]). Since the defendant failed to comply with his discovery obligations, the Supreme Court did not improvidently exercise its discretion (*see* CPLR 3126). Moreover, since the Supreme Court's order affords the defendant an opportunity to "provide an affidavit of due diligence with regard to each item or document not provided, setting forth the effort made to provide each item or document," the defendant has an opportunity to explain his efforts to secure the missing documents and to avoid discovery sanctions.

The defendant's remaining contentions are without merit. Skelos, J.P., Covello, Balkin and Sgroi, JJ., concur.