■ Genaro Morales, Respondent, v Selim Zherka, Appellant, et al., Defendants. [35 NYS3d 121]—

In an action for an accounting and to recover damages for, inter alia, fraud and conversion, the defendant Selim Zherka appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Westchester County (Scheinkman, J.), dated January 10, 2014, which, inter alia, granted those branches of the plaintiff's motion which were for leave to amend the complaint to add a cause of action to enforce a settlement agreement, and pursuant to CPLR 3126 to conditionally preclude the defendants from disputing certain testimony by the plaintiff and from offering certain evidence at trial, and denied that branch of his cross motion which was to strike the complaint for failure to comply with discovery.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action for an accounting and to recover damages for, inter alia, fraud and conversion arises out of certain loans and investments made between the plaintiff and some of the defendants, including the appellant, to partake in certain business opportunities. The defendants assert counterclaims seeking an accounting and to recover damages for, inter alia, breach of contract and fraudulent inducement.

The Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to amend the complaint to add a cause of action to enforce a settlement agreement allegedly entered into between the appellant and the plaintiff. The proposed amendment was neither palpably insufficient nor patently devoid of merit, and there was no evidence that the amendment would prejudice or surprise the defendants (see Fitzgerald v City of New York, 119 AD3d 520, 521 [2014]).

Contrary to the appellant's contention, the Supreme Court properly granted those branches of the plaintiff's motion which were pursuant to CPLR 3126 to conditionally preclude the defendants from disputing certain testimony by the plaintiff and from offering certain evidence at trial unless the appellant submits to further deposition. Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of

the motion court (*see Isaacs v Isaacs*, 71 AD3d 951, 952 [2010]; *Pryzant v City of New York*, 300 AD2d 383 [2002]; *Kingsley v Kantor*, 265 AD2d 529 [1999]). "Absent an improvident exercise of discretion, the determination to impose sanctions for conduct that frustrates the purpose of the CPLR should not be disturbed" (*Lotardo v Lotardo*, 31 AD3d 504, 505 [2006]). Here, at his deposition, the appellant refused to provide answers to several questions based upon his personal knowledge, stating merely that he agreed with the plaintiff's testimony, and refused to answer other questions, claiming that he was bound by a confidentiality agreement. The record demonstrates that the appellant's lack of cooperation was willful and contumacious, and thus, the court did not improvidently exercise its discretion (*see* CPLR 3126). Moreover, since the Supreme Court's order affords the appellant an opportunity to correct his deposition testimony, the appellant has an opportunity to avoid discovery sanctions (*see Isaacs v Isaacs*, 71 AD3d at 952).

Contrary to the appellant's contention, the Supreme Court properly denied that branch of his cross motion which was to strike the complaint based upon the plaintiff's invocation of the Fifth Amendment privilege against self-incrimination at his deposition. Specifically, the privilege was invoked with respect to questioning about the subject of a cause of action and counterclaim that were subsequently discontinued and, therefore, it did not prevent the defendants from properly defending the lawsuit (*see Laverne v Incorporated Vil. of Laurel Hollow*, 18 NY2d 635 [1966]; *Miller v United Parcel Serv.*, 143 AD2d 820, 821 [1988]).

The appellant's remaining contention is without merit. Dillon, J.P., Balkin, Hinds-Radix and Connolly, JJ., concur.