■ COREX-SPA, Appellant, v JANEL GROUP OF NEW YORK, INC., Respondent. [66 NYS3d 509]—

In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered June 27, 2016, which, upon the conditional granting of the defendant's motion pursuant to CPLR 3126 to dismiss the complaint unless the plaintiff provided full and complete responses to the defendant's notice

for discovery and inspection and interrogatories within a specified time, directed dismissal of the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against the defendant to recover damages for breach of contract. The defendant served the plaintiff with a notice for discovery and inspection of documents dated June 2, 2015. The plaintiff did not respond to this demand within 20 days.

The parties then appeared for a preliminary conference on July 8, 2015. According to the preliminary conference order, the parties were to serve discovery responses by September 10, 2015. Following the preliminary conference, the defendant served the plaintiff with a set of interrogatories on August 10, 2015. The plaintiff did not respond by September 10, 2015, to either the notice for discovery and inspection of documents or the interrogatories. The defendant extended the plaintiff's time to respond to both demands to September 30, 2015, but the plaintiff failed to respond by that date.

In November 2015, the defendant moved pursuant to CPLR 3126 to dismiss the complaint for the plaintiff's failure to comply with discovery demands. The plaintiff opposed the motion and provided a proposed draft response to the defendant's notice for discovery and inspection, attaching documents which it had previously supplied to the defendant in opposition to the defendant's pre-answer motion to dismiss the complaint pursuant to CPLR 3211 (a) (7). The proposed response did not identify which of the documents were being submitted in response to the 14 categories of documents demanded in the notice for discovery and inspection. The plaintiff did not provide a response to the outstanding interrogatories, but indicated that its attorneys were working with its agent based in New Jersey and personnel in its corporate offices in Italy to provide adequate responses and disclosure to the defendant's demands and "hope[d]" to respond to those demands within days. In an order entered May 13, 2016 (hereinafter the conditional order), the Supreme Court conditionally granted the defendant's motion to dismiss the complaint unless the plaintiff provided full and complete responses to the defendant's notice for discovery and inspection and interrogatories by June 3, 2016. In the conditional order, the court advised the plaintiff that its failure to provide full and complete responses by the deadline would result in dismissal of the complaint.

On June 3, 2016, the plaintiff e-filed an affidavit of its owner, which was undated and unsworn, stating that its agent in New Jersey had disappeared after embezzling $2 million and that

the agent had failed to provide to the plaintiff's attorneys the information necessary to respond to the defendant's discovery demands, which caused the plaintiff's delay in providing discovery responses. The plaintiff also e-filed an undated and unsworn response to the defendant's interrogatories. The plaintiff did not provide an updated response to the defendant's notice for discovery and inspection.

In the order appealed from, the Supreme Court directed dismissal of the complaint upon the plaintiff's failure to provide full and complete responses to the defendant's discovery demands by the deadline set forth in the conditional order. The plaintiff appeals.

"Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court" (*Morales v Zherka*, 140 AD3d 836, 836-837 [2016]; *see Isaacs v Isaacs*, 71 AD3d 951, 952 [2010]). "Absent an improvident exercise of discretion, the determination to impose sanctions for conduct that frustrates the purpose of the CPLR should not be disturbed" (*Lotardo v Lotardo*, 31 AD3d 504, 505 [2006]; *see Morales v Zherka*, 140 AD3d at 837; *Parker Waichman, LLP v Laraia*, 131 AD3d 1215, 1216 [2015]).

If a party refuses to obey an order for disclosure or willfully fails to disclose information, the court may dismiss the action (*see* CPLR 3126 [3]). "While actions should be resolved on the merits when possible, a court may strike [a pleading] upon a clear showing that [a party's] failure to comply with a disclosure order was the result of willful and contumacious conduct" (*Almonte v Pichardo*, 105 AD3d 687, 688 [2013]; *see Harris v City of New York*, 117 AD3d 790, 790 [2014]; *Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d 201, 210 [2012]; *Zakhidov v Boulevard Tenants Corp.*, 96 AD3d 737, 739 [2012]).

Here, the willful and contumacious character of the plaintiff's actions can be inferred from its repeated failure to respond adequately to the defendant's notice for discovery and inspection and interrogatories, and the absence of any adequate explanation for its failure to timely comply with those requests, or the deadline set forth in the preliminary conference order (*see Montemurro v Memorial Sloan-Kettering Cancer Ctr.*, 94 AD3d 1066, 1066 [2012]; *Quinones v Long Is. Jewish Med. Ctr.*, 90 AD3d 632, 633 [2011]; *Howe v Jeremiah*, 51 AD3d 975, 975-976 [2008]; *Watson v Hall*, 43 AD3d 435 [2007]; *Powell v Cipollaro*, 34 AD3d 551, 551-552 [2006]; *Devito v J & J Towing, Inc.*, 17 AD3d 624, 625 [2005]).

When the plaintiff failed to provide full and complete respon-

ses to the defendant's discovery demands within the specified time, the conditional order became absolute (*see Patino v Carlyle Three, LLC,* 148 AD3d 1175, 1176 [2017]; *Almonte v Pichardo,* 105 AD3d at 688). To be relieved of the adverse impact of the conditional order directing dismissal of the complaint, the plaintiff was required to demonstrate a reasonable excuse for its failure to provide full and complete responses to the defendant's discovery demands and that its cause of action was potentially meritorious (*see Gibbs v St. Barnabas Hosp.,* 16 NY3d 74, 80 [2010]; *Patino v Carlyle Three, LLC,* 148 AD3d at 1176; *Lee v Barnett,* 134 AD3d 908, 910 [2015]; *Estate of Alston v Ramseur,* 124 AD3d 713, 713 [2015]). The plaintiff's submission of an unsworn and unsigned affidavit from its owner did not demonstrate either. Thus, dismissal of the complaint was properly directed. Balkin, J.P., Leventhal, Austin and Iannacci, JJ., concur.