Pastore v Utilimaster Corp. (2018 NY Slip Op 06549)





Pastore v Utilimaster Corp.


2018 NY Slip Op 06549


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2016-01563
2016-03430
 (Index No. 62550/13)

[*1]Vito Pastore, appellant, 
v
Utilimaster Corporation, et al., respondents.


Lipsig, Shapey, Manus & Moverman, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Kenneth J. Gorman, and Jillian Rosen], of counsel), for appellant.
Gallo Vitucci Klar LLP, New York, NY (Stephen A. Hoffman, Timothy J. Lavin, and Kimberly Ricciardi of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from two orders of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated January 14, 2016, and March 22, 2016, respectively. The order dated January 14, 2016, conditionally granted the defendants' motion pursuant to CPLR 3126 to dismiss the complaint. The order dated March 22, 2016, denied the plaintiff's motion for leave to renew and reargue his opposition to the defendants' motion pursuant to CPLR 3126 to dismiss the complaint.
ORDERED that the order dated January 14, 2016, is affirmed; and it is further,
ORDERED that the appeal from so much of the order dated March 22, 2016, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated March 22, 2016, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff commenced this action against the defendants to recover damages for personal injuries to his left arm and shoulder. In an order dated January 14, 2016, the Supreme Court conditionally granted the defendants' motion pursuant to CPLR 3126 to dismiss the complaint based on the plaintiff's failure to comply with discovery demands and the court's orders. In an order dated March 22, 2016, the court denied the plaintiff's motion for leave to renew and reargue his opposition to the defendants' motion pursuant to CPLR 3126 to dismiss the complaint. The plaintiff appeals from both orders.
" Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court'" [*2](Corex-SPA v Janel Group of N.Y., Inc., 156 AD3d 599, 601, quoting Morales v Zherka, 140 AD3d 836, 836-837). "Absent an improvident exercise of discretion, the determination to impose sanctions for conduct that frustrates the purpose of the CPLR should not be disturbed" (Lotardo v Lotardo, 31 AD3d 504, 505; see Morales v Zherka, 140 AD3d at 837; Parker Waichman, LLP v Laraia, 131 AD3d 1215, 1216).
A court may dismiss an action if a party refuses to obey an order directing disclosure or willfully fails to disclose information (see CPLR 3126[3]). Although courts should resolve actions on the merits when possible, " a court may strike [a pleading] upon a clear showing that [a party's] failure to comply with a disclosure order was the result of willful and contumacious conduct'" (Corex-SPA v Janel Group of N.Y., Inc., 156 AD3d at 601, quoting Almonte v Pichardo, 105 AD3d 687, 688; see Harris v City of New York, 117 AD3d 790, 790; Arpino v F.J.F. & Sons Elec. Co., Inc., 102 AD3d 201, 210).
Here, on the defendant's motion pursuant to CPLR 3126 to dismiss the complaint, the Supreme Court properly inferred the plaintiff's willful and contumacious conduct from the plaintiff's failure to comply with court-ordered discovery and the defendants' demands for discovery, for which the plaintiff did not offer an adequate explanation (see Montemurro v Memorial Sloan-Kettering Cancer Ctr., 94 AD3d 1066, 1066; Orgel v Stewart Tit. Ins. Co., 91 AD3d 922, 923). Thus, the court providently exercised its discretion in conditionally granting the defendants' motion pursuant to CPLR 3126 and directing dismissal of the complaint unless the plaintiff served the defendants with certain outstanding discovery documents by February 18, 2016. The plaintiff's contention that the court should have denied the motion because the defendants failed to submit a sufficient good-faith affirmation in support of the motion is improperly raised for the first time on appeal (see DePompo v Waldbaums Supermarket, 267 AD2d 422, 422).
We agree with the Supreme Court's determination to deny that branch of the plaintiff's subsequent motion which was for leave to renew his opposition to the defendants' motion to dismiss the complaint. Contrary to the plaintiff's contention, the additional authorizations submitted in support of his motion did not comply with the court's conditional order. The authorizations that were directed to the plaintiff's health care providers did not authorize the release of the plaintiff's entire medical records. Instead, those authorizations were specifically restricted as to subject matter and, in one instance, as to date. The plaintiff did not, as part of his moving papers, submit the authorization for his Social Security disability records or proof of service thereof. While it appears that this document was mailed to the defendants' counsel on February 17, 2016, it was not received until February 19, 2016, and there is no indication in the record that the service of this document was brought to the attention of the court and defense counsel at the court conference held on February 18, 2016. In any event, the document did not authorize the release of the plaintiff's entire medical records. Thus, the new evidence submitted by the plaintiff in support of that branch of his motion which was for leave to renew would not have changed the court's decision to conditionally dismiss the complaint (see CPLR 2221[e][2]; Matter of Nelson v Allstate Ins. Co., 73 AD3d 929).
While the plaintiff contends that he submitted additional, previously served authorizations with his reply papers in further support of that branch of his motion which was for leave to renew, and that such authorizations showed his compliance with the Supreme Court's directive, this argument was not properly before the Supreme Court as it is not the purpose of reply papers to offer new evidence or grounds in support of the motion (see USAA Fed. Sav. Bank v Calvin, 145 AD3d 704; All State Flooring Distribs., L.P. v MD Floors, LLC, 131 AD3d 834).
SCHEINKMAN, P.J., ROMAN, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court