Williams v Suttle (2019 NY Slip Op 00163)





Williams v Suttle


2019 NY Slip Op 00163


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-10118
 (Index No. 64437/14)

[*1]James Williams, et al., appellants,
v
Ella Mae Suttle, respondent.


Richard J. O'Keeffe, Peekskill, NY, for appellants.



DECISION & ORDER
In an action for the partition and sale of real property, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated August 17, 2016. The judgment, upon an order of the same court dated August 1, 2016, is in favor of the defendant and against the plaintiffs dismissing the amended complaint.
ORDERED that the judgment is affirmed, without costs or disbursements.
On September 11, 2014, the plaintiffs commenced this action for the partition and sale of real property located in Peekskill, Westchester County. The Supreme Court issued a preliminary conference order and two compliance conference orders dated October 14, 2015, and November 25, 2015, respectively, directing the parties to complete their depositions by certain dates. In compliance with those orders, the defendant served two notices dated October 22, 2015, and November 25, 2015, respectively, seeking the plaintiffs' depositions. When the plaintiffs failed to appear for their depositions, the defendant moved pursuant to CPLR 3126 to dismiss the complaint. Thereafter, the plaintiffs moved for leave to amend their complaint and requested a stay of discovery during the oral argument of the defendant's motion. By order dated January 25, 2016, the court conditionally granted the defendant's motion to dismiss the complaint unless the plaintiffs appeared for their depositions on or before February 29, 2016, and, in effect, denied the plaintiffs' application for a stay of discovery.
Thereafter, the defendant served the plaintiffs with a notice dated February 5, 2016, to take their depositions on February 24, 2016. By order dated February 22, 2016, the Supreme Court granted the plaintiffs' unopposed motion for leave to file an amended complaint. After the plaintiffs failed to appear for their depositions, the court issued a compliance conference order entered March 21, 2016, directing the parties to complete their depositions on or before April 19, 2016. The parties failed to appear for their depositions because of a dispute about priority.
On May 4, 2016, the defendant moved, in effect, pursuant to CPLR 3126 to dismiss the amended complaint. By notice of motion dated May 9, 2016, the plaintiffs moved to compel the taking of the deposition of the plaintiff Sarah Lawrey by live video conferencing and for priority of examination. By order dated August 1, 2016, the Supreme Court, inter alia, granted that branch of the defendant's motion which was, in effect, to dismiss the amended complaint upon the plaintiffs' [*2]willful failure to produce Lawrey and the plaintiff James Williams. In addition, the court found that the plaintiffs failed to appear for their depositions by the deadline set forth in the conditional order dated January 25, 2016. A judgment dated August 17, 2016, upon the order, dismissed the amended complaint. The plaintiffs appeal from the judgment.
Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court (see Corex-SPA v Janel Group of N.Y., Inc., 156 AD3d 599, 601; Morales v Zherka, 140 AD3d 836, 836-837; Isaacs v Isaacs, 71 AD3d 951, 952). Absent an improvident exercise of discretion, the determination to impose sanctions for conduct that frustrates the purpose of the CPLR should not be disturbed (see Corex-SPA v Janel Group of N.Y., Inc., 156 AD3d at 601; Morales v Zherka, 140 AD3d at 837; Parker Waichman, LLP v Laraia, 131 AD3d 1215, 1216).
The drastic remedy of dismissing a complaint for a plaintiff's failure to comply with court-ordered discovery is warranted where a party's conduct is shown to be willful and contumacious (see Harris v City of New York, 117 AD3d 790; Almonte v Pichardo, 105 AD3d 687, 688; Arpino v F.J.F. & Sons Elec. Co., Inc., 102 AD3d 201, 210). The willful and contumacious character of a party's conduct can be inferred from either (1) the repeated failure to respond to demands or comply with court-ordered discovery, without a reasonable excuse for these failures, or (2) the failure to comply with court-ordered discovery over an extended period of time (see Candela v Kantor, 154 AD3d 733, 734; Pesce v Fernandez, 144 AD3d 653, 654; Gutman v Cabrera, 121 AD3d 1042, 1043; Arpino v F.J.F. & Sons Elec. Co., Inc., 102 AD3d at 210).
Here, the willful and contumacious character of the plaintiffs' actions can be inferred from their repeated failures to comply with the defendant's notices to appear for depositions and the deadlines set forth in the compliance conference orders over an extended period of time (see Wolf v Flowers, 122 AD3d 728, 729; Matone v Sycamore Realty Corp., 87 AD3d 1113, 1114). Furthermore, the plaintiffs failed to provide an adequate explanation for their repeated failures to comply with court-ordered discovery. While the plaintiffs established that the medical condition of Lawrey, who is a resident of the State of Georgia, required her to avoid travel and that her deposition could be conducted via live video conferencing (see Duncan v 605 Third Ave., LLC, 49 AD3d 494, 496), they did not provide any explanation for their failure to produce Williams, a resident of Westchester County, for a deposition.
Contrary to the plaintiffs' contention, the defendant, who had first noticed depositions after serving her answer, had priority of depositions (see CPLR 3106[a]; Scalone v Phelps Mem. Hosp. Ctr., 184 AD2d 65, 76-77), and the filing of an amended complaint did not automatically stay discovery.
In any event, when the plaintiffs failed to appear for depositions within the time specified in the conditional order of dismissal, the conditional order became absolute (see Corex-SPA v Janel Group of N.Y., Inc., 156 AD3d at 602; Wei Hong Hu v Sadiqi, 83 AD3d 820, 821; Matter of Denton v City of Mount Vernon, 30 AD3d 600). To be relieved of the adverse impact of the conditional order directing dismissal of the complaint, the plaintiffs were required to demonstrate a reasonable excuse for their failure to appear for depositions and that their cause of action was potentially meritorious (see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80; Kirkland v Fayne, 78 AD3d 660, 661; Lerner v Ayervais, 16 AD3d 382; Smith v Lefrak Org., 96 AD2d 859, affd 60 NY2d 828). The plaintiffs failed to demonstrate a reasonable excuse for their failure to appear for depositions on or before February 29, 2016.
Accordingly, we agree with the Supreme Court's dismissal of the amended complaint.
CHAMBERS, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court