Drummond v Winiarsky (2019 NY Slip Op 01391)





Drummond v Winiarsky


2019 NY Slip Op 01391


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-12597
 (Index No. 13448/12)

[*1]Lloyd Drummond, respondent, 
v
Raz Winiarsky, etc., appellant.


Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Deirdre E. Tracey of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, the defendant appeals from an order of the Supreme Court, Kings County (Kenneth P. Sherman, J.), dated June 2, 2017. The order, insofar as appealed from, denied that branch of the defendant's motion which was to dismiss the complaint based on the plaintiff's failure to comply with a conditional order of dismissal.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was to dismiss the complaint based on the plaintiff's failure to comply with a conditional order of dismissal is granted.
As a consequence of the plaintiff's failure to comply with the conditional order of dismissal, that order became absolute. To be relieved from the adverse impact of the conditional order of dismissal, the plaintiff was required to demonstrate a reasonable excuse for his failure to timely comply with the discovery demands, and the existence of a potentially meritorious cause of action (see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80; Corex-SPA v Janel Group of N.Y., Inc., 156 AD3d 599). The plaintiff did not meet this burden. Therefore, the Supreme Court should have granted that branch of the defendant's motion which was to dismiss the complaint based on the plaintiff's failure to comply with the conditional order of dismissal.
AUSTIN, J.P., MALTESE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court