Marino v Armogan (2020 NY Slip Op 00116)





Marino v Armogan


2020 NY Slip Op 00116


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2018-01039
 (Index No. 4059/16)

[*1]Michelle Marino, appellant, 
v
Clifford Armogan, et al., respondents.


Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Paul H. Seidenstock, and Michael Zhu], of counsel), for appellant.
Ferro & Stenz (Alina Vengerov and Russo & Tambasco, Melville, NY [Susan J. Mitola], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered November 28, 2017. The order granted the defendants' motion, in effect, to enforce an order of preclusion against the plaintiff pursuant to CPLR 3126 and, thereupon, for summary judgment dismissing the complaint.
ORDERED that the order entered November 28, 2017, is affirmed, with costs.
The plaintiff commenced this action in April 2016, seeking damages for personal injuries she alleged she incurred when she was hit, as a pedestrian, by the defendants' vehicle in October 2014. The defendants answered the complaint in April 2016 and sought discovery, including, inter alia, various HIPAA-compliant authorizations for the no-fault file, for medical treatment records, emergency room records, hospital records, physical therapy records, acupuncture records, MRIs, X rays, CAT scans, and other diagnostic tests related to the accident, and for employment records. The defendants requested these specific authorizations in October 2016; at that same time, the defendants also sought additional authorizations for records pertaining to both a prior and a subsequent loss sustained by the plaintiff.
By letter to the plaintiff's attorney, dated December 13, 2016 (hereinafter the December 2016 demand), the defendants contended that the plaintiff had failed to produce these authorizations, and they again requested that she do so. The defendants thereafter moved to dismiss the complaint, and on February 27, 2017, the parties resolved the motion by entering into a so-ordered stipulation (hereinafter the February 2017 order), wherein the plaintiff agreed to provide the authorizations within 30 days of the February 2017 order. The defendants again contended that the plaintiff failed to provide the authorizations, and they filed a second motion to dismiss. Thereafter, the parties entered into a second so-ordered stipulation, dated May 31, 2017 (hereinafter the May 2017 order), resolving the second motion, whereby the plaintiff agreed to respond to the December 2016 demand within 30 days of the May 2017 order or the plaintiff would be precluded from offering, among other things, medical evidence at the trial.
On or about August 31, 2017, the defendants moved, in effect, to enforce the May 2017 order against the plaintiff pursuant to CPLR 3126 and, thereupon, for summary judgment dismissing the complaint. The defendants contended that the plaintiff was precluded pursuant to [*2]CPLR 3126 from presenting evidence establishing her prima facie case because she had failed to comply with the May 2017 order, and therefore the defendants were entitled to summary judgment dismissing the complaint. The Supreme Court granted the motion and directed dismissal of the complaint. The plaintiff appeals. We affirm.
" Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court'" (Corex-SPA v Janel Group of N.Y., Inc., 156 AD3d 599, 601, quoting Morales v Zherka, 140 AD3d 836, 836-837). "Absent an improvident exercise of discretion, the determination to impose sanctions for conduct that frustrates the purpose of the CPLR should not be disturbed" (Lotardo v Lotardo, 31 AD3d 504, 505; see Pastore v Utilimaster Corp., 165 AD3d 685, 686).
A court may dismiss an action if a party refuses to obey an order directing disclosure or willfully fails to disclose information (see CPLR 3126[3]). Although courts should resolve actions on the merits when possible, " a court may strike [a pleading] upon a clear showing that [a party's] failure to comply with a disclosure order was the result of willful and contumacious conduct'" (Corex-SPA v Janel Group of N.Y., Inc., 156 AD3d at 601, quoting Almonte v Pichardo, 105 AD3d 687, 688).
We agree with the Supreme Court's determination that the plaintiff's conduct in failing to produce the requisite discovery was willful and contumacious because the plaintiff failed to offer an adequate explanation for her persistent failure to comply with court-ordered discovery (see Pastore v Utilimaster Corp., 165 AD3d at 687; Corex-SPA v Janel Group of N.Y., Inc., 156 AD3d at 601). Pursuant to the May 2017 order, the plaintiff's failure to provide the requisite discovery precludes her from offering medical evidence, which is a necessary element of her prima facie case (see Khan v Old Navy, 166 AD3d 599, 600). Thus, the court providently exercised its discretion in granting the defendants' motion pursuant to CPLR 3126 and directing dismissal of the complaint.
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court