Cobo v Pennwalt Corp. Stokes Div. (2020 NY Slip Op 03764)





Cobo v Pennwalt Corp. Stokes Div.


2020 NY Slip Op 03764


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-06826
 (Index No. 68152/14)

[*1]Sindy Cobo, appellant, 
v
Pennwalt Corporation Stokes Division, et al., respondents.


Dell & Dean PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Christen Giannaros], of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (John H. Rouse, J.), entered April 2, 2018. The judgment, upon an order of the same court dated August 23, 2017, conditionally granting the defendants' motion to dismiss the amended complaint pursuant to CPLR 3126, and upon an amended order of the same court dated March 14, 2018, granting the defendants' motion to dismiss the amended complaint pursuant to CPLR 3126, is in favor of the defendants and against the plaintiff dismissing the amended complaint.
ORDERED that the judgment is affirmed, with costs.
In October 2014, following pre-action discovery, the plaintiff commenced this action to recover damages for personal injuries she allegedly sustained while using a pill compression machine at her place of employment. On about April 20, 2015, the defendants answered the amended complaint and served discovery demands on the plaintiff, including a demand for a bill of particulars. One week later, they amended their answer and re-served their discovery demands on the plaintiff. On October 27, 2015, the defendants served a supplemental demand for discovery and inspection on the plaintiff. The plaintiff did not respond to the discovery notices. On December 2, 2015, the Supreme Court issued a preliminary conference order, directing the plaintiff to, inter alia, serve a bill of particulars and authorizations for applicable records, and to respond to outstanding discovery notices, by January 5, 2016. The plaintiff failed to comply with the deadlines set forth in the preliminary conference order, despite letters and emails from the defendants' counsel requesting compliance. By notice of motion dated May 24, 2016, the defendants moved pursuant to CPLR 3126 to dismiss the amended complaint based on the plaintiff's failure to respond to the demands for discovery that were the subject of the preliminary conference order directing the plaintiff to provide the requested discovery and a bill of particulars by a date certain. In response to the motion, the plaintiff produced a bill of particulars and responded to certain discovery requests. The plaintiff did not, however, respond to the defendants' objections to the bill of particulars, provide a supplemental bill of particulars, or respond to certain discovery demands. The court denied the defendants' motion without prejudice because, inter alia, it was not accompanied by a good faith affidavit.
By notice of motion dated February 7, 2017, the defendants again moved pursuant to CPLR 3126 to dismiss the amended complaint. In response, the plaintiff produced certain authorizations requested by the defendants which were ordered to be produced more than one year earlier by the preliminary conference order. She did not, however, respond to all of the outstanding discovery demands. By order dated August 23, 2017 (hereinafter the conditional order), the Supreme Court found that the plaintiff had failed to timely provide discovery. It ordered the plaintiff to produce the outstanding discovery identified in the defendants' reply affirmation within 15 days of the service of the order with notice of entry, and directed that if the plaintiff failed to do so, upon notice of motion by the defendants, the complaint would be dismissed. The plaintiff failed to comply with the conditional order and, by notice of motion dated September 21, 2017, the defendants moved a third time pursuant to CPLR 3126 to dismiss the amended complaint. The plaintiff served discovery responses on December 27, 2017, and a supplemental bill of particulars on or about February 6, 2018. By amended decision and order dated March 14, 2018, the court granted the defendants' motion. Judgment was entered on April 2, 2018, dismissing the amended complaint. The plaintiff appeals.
"Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court" (Morales v Zherka, 140 AD3d 836, 836-837; see Kihl v Pfeffer, 94 NY2d 118, 122-123; Vays v Luntz, 179 AD3d 744, 746; Marino v Armogan, 179 AD3d 664, 666). "Absent an improvident exercise of discretion, the determination to impose sanctions for conduct that frustrates the purpose of the CPLR should not be disturbed" (Lotardo v Lotardo, 31 AD3d 504, 505; see Vays v Luntz, 179 AD3d at 746; Corex-SPA v Janel Group of N.Y., Inc., 156 AD3d 599, 601). "A court may dismiss an action if a party refuses to obey an order directing disclosure or willfully fails to disclose information" (Marino v Armogan, 179 AD3d at 666; see CPLR 3126[3]; Kihl v Pfeffer, 94 NY2d at 122). Although courts should resolve actions on the merits when possible, a court may strike a pleading upon a clear showing that a party's failure to comply with a disclosure order was the result of willful and contumacious conduct (see Marino v Armogan, 179 AD3d at 666; Cortex-SPA v Janel Group of N.Y., Inc., 156 AD3d at 601). A court can infer that a party is acting willfully and contumaciously through the party's repeated failure to adequately respond to discovery demands or to comply with discovery orders (see Vays v Luntz, 179 AD3d at 746; Corex-SPA v Janel Group of N.Y., Inc., 156 AD3d at 601).
Here, the willful and contumacious character of the plaintiff's conduct can be inferred from her inadequate bill of particulars and her inadequate responses to the defendants' other discovery demands, both served more than one year after service of the demands for a bill of particulars and discovery (see Westervelt v Westervelt, 163 AD3d 1036, 1037-1038). Moreover, the willful and contumacious nature of the plaintiff's actions can be inferred from her repeated failure, over an extended period of time, to produce a supplemental bill of particulars responding to the defendants' objections, and compliant authorizations required by the preliminary conference order (see Vays v Luntz, 179 AD3d at 746-747; Rosenblatt v Franklin Hosp. Med. Ctr., 165 AD3d 862, 862-863).
When the plaintiff failed to provide full and complete responses to the defendants' discovery demands within the specified time, the conditional order became absolute (see Wolf Props. Assoc., L.P. v Castle Restoration, LLC, 174 AD3d 838, 841; Corex-SPA v Janel Group of N.Y., Inc., 156 AD3d at 601-602). To be relieved of the adverse impact of the conditional order directing dismissal of the amended complaint, the plaintiff was required to demonstrate a reasonable excuse for her failure to provide full and complete responses to the defendants' discovery demands and that her causes of action are potentially meritorious (see Williams v Suttle, 168 AD3d 792, 794; Tanriverdi v United Skates of Am., Inc., 164 AD3d 858, 859). The plaintiff failed to demonstrate a reasonable excuse because the assertions by her counsel that they were unable to contact the plaintiff for several months and, therefore, could not obtain information needed to respond to the outstanding discovery, were inadequate to excuse her conduct (see Sepulveda v 101 Woodruff Ave. Owner, LLC, 166 AD3d 835, 836-837). The fact that a plaintiff has disappeared or made himself or herself unavailable is not a basis for denying a motion to strike his or her complaint for failure to comply with a conditional order (see id. at 836-837; Kidwell v Xerox Corp., 281 AD2d 188, 188; [*2]Martinez v Belanger, 186 AD2d 40, 40-41, affd 82 NY2d 672). We need not reach the issue of whether the plaintiff demonstrated the existence of a potentially meritorious cause of action because she failed to demonstrate a reasonable excuse (see Sepulveda v 101 Woodruff Ave. Owner, LLC, 166 AD3d at 837). Accordingly, the Supreme Court providently exercised its discretion in dismissing the amended complaint.
AUSTIN, J.P., HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court