Matter of Pfeffer (2020 NY Slip Op 05510)





Matter of Pfeffer


2020 NY Slip Op 05510


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-09588
2017-10183

[*1]In the Matter of Evelyn Pfeffer, etc., deceased. Mitchell Pfeffer, petitioner-appellant; Barbara Billauer, respondent-respondent, et al., respondent. (Proceeding No. 1.)
In the Matter of Evelyn Pfeffer, etc., deceased. Barbara Billauer, petitioner-respondent, et al., petitioner; Mitchell Pfeffer, respondent-appellant. (Proceeding No. 2.) (File Nos. 380925/14A, 380925/14D)


Mitchell Pfeffer, Baltimore, Maryland, petitioner-appellant pro se in Proceeding No. 1 and respondent-appellant pro se in proceeding No. 2.
Spizz & Cooper, LLP, Mineola, NY (Harvey W. Spizz of counsel), for respondent-respondent in Proceeding No. 1 and petitioner-respondent in Proceeding No. 2.



DECISION & ORDER
In related proceedings to admit to probate a purported will of Evelyn Pfeffer dated July 8, 2014, and a will of Evelyn Pfeffer dated July 17, 1979, respectively, Mitchell Pfeffer appeals from (1) an order of the Surrogate's Court, Nassau County (Margaret C. Reilly, S.), dated August 8, 2017, and (2) a decree of the same court dated September 19, 2017. The order granted that branch of the motion of Barbara Billauer which was pursuant to CPLR 3126 to strike the petition to admit to probate the purported will of Evelyn Pfeffer dated July 8, 2014. The decree admitted to probate the will of Evelyn Pfeffer dated July 17, 1979.
ORDERED that the appeal from the decree is dismissed as abandoned; and it is further,
ORDERED that the order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to Barbara Billauer.
Upon the death of Evelyn Pfeffer (hereinafter the decedent), the decedent's son, Mitchell Pfeffer (hereinafter Pfeffer), filed a petition to admit to probate a purported will of the decedent dated July 8, 2014. Subsequently, the decedent's daughter, Barbara Billauer, as an objectant in that proceeding, moved, inter alia, pursuant to CPLR 3126 to strike the petition for failure to comply with discovery. In an order dated August 8, 2017, that branch of the motion was granted. The Surrogate's Court subsequently issued a decree in a related proceeding, admitting to [*2]probate the decedent's will dated July 17, 1979. Pfeffer appeals from the order and the decree.
The appeal from the decree must be dismissed as abandoned, as Pfeffer's brief only contains arguments relating to the dismissal of his own petition to probate the purported will dated July 8, 2014, and does not set forth any arguments relating to the decree issued in the related proceeding (see Cohen v Companion Life Ins. Co., 179 AD3d 765).
While proceedings should be resolved on the merits when possible, a court may strike a pleading upon a clear showing that a party's failure to comply with discovery was the result of willful and contumacious conduct (see Marino v Armogan, 179 AD3d 664). Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court (see Corex-SPA v Janel Group of N.Y., Inc., 156 AD3d 599, 601). Here, Pfeffer refused to participate in discovery. Pfeffer's lack of cooperation was willful and contumacious, and thus, the Surrogate's Court did not improvidently exercise its discretion in granting that branch of Billauer's motion which was to strike his petition (see Marino v Armogan, 179 AD3d 664; Corex-SPA v Janel Group of N.Y., Inc., 156 AD3d at 601).
BALKIN, J.P., LEVENTHAL, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court