Lieberman v Green (2021 NY Slip Op 00162)





Lieberman v Green


2021 NY Slip Op 00162


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-01470
 (Index No. 70043/12)

[*1]Mitchell P. Lieberman, et al., respondents,
v
David Green, appellant.


David Green, Glen Cove, NY, appellant pro se.
Housman & Associates, P.C., Tarrytown, NY (Mark E. Housman of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover unpaid legal fees, the defendant appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated December 1, 2017. The order, in effect, granted those branches of the plaintiffs' motion which were for preclusion of certain evidence and for an adverse inference instruction based on the defendant's failure to provide certain discovery as directed by a conditional order dated September 25, 2017.
ORDERED that the order dated December 1, 2017, is affirmed, with costs.
The background facts as to this action are set forth in this Court's decision and order on a related appeal (see Lieberman v Green, ___ AD3d ___ [Appellate Division Docket No. 2018-09546; decided herewith]). The plaintiffs commenced this action, inter alia, to recover unpaid legal fees for services provided to the defendant in a matrimonial action. The defendant asserted a counterclaim against the plaintiffs for legal malpractice. Based on the defendant's failure to produce requested discovery, including legal invoices, checks, and certain retainer agreements related to successor counsel, the plaintiffs moved, among other things, pursuant to CPLR 3126 to preclude the defendant from offering evidence at trial based on his failure to produce such discovery, and pursuant to CPLR 3124, to compel the production of such items. The Supreme Court issued a conditional order dated September 25, 2017, inter alia, granting the plaintiffs' motion to the extent of directing the defendant to produce the requested discovery by a date certain and if the defendant failed to comply, further directing the plaintiffs to file an affirmation of noncompliance and a proposed order of preclusion (hereinafter the conditional order).
In October 2017, the plaintiffs filed such affirmation of noncompliance and a proposed order of preclusion. The defendant opposed. After oral argument, in an order dated December 1, 2017, the Supreme Court, in effect, granted those branches of the plaintiffs' motion which were to preclude the defendant from introducing evidence or testimony at trial regarding legal fees the defendant incurred after terminating his relationship with the plaintiffs and for an adverse inference instruction to be given to the trier of fact or to the jury. The defendant appeals.
"Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court" [*2](Morales v Zherka, 140 AD3d 836, 836-837; see Corex-SPA v Janel Group of N.Y., Inc., 156 AD3d 599, 601; Isaacs v Isaacs, 71 AD3d 951, 952). "'If any party . . . refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed' the court may, inter alia, make an order 'that the issues to which the information is relevant shall be deemed resolved for purposes of the action in accordance with the claims of the party obtaining the order; . . . prohibiting the disobedient party . . . from producing in evidence designated things or items of testimony, or . . . striking out pleadings'" (Rogers v Howard Realty Estates, Inc., 145 AD3d 1051, 1052, quoting CPLR 3126[1], [2], [3]). "Absent an improvident exercise of discretion, the determination to impose sanctions for conduct that frustrates the purpose of the CPLR should not be disturbed" (Lotardo v Lotardo, 31 AD3d 504, 505; see Morales v Zherka, 140 AD3d at 837).
Here, the defendant, who did not submit an affidavit in opposition to the plaintiffs' affirmation alleging his noncompliance with the conditional order, failed to demonstrate a reasonable excuse for his failure to comply with the conditional order so as to avoid the adverse impact of such order, and further failed to establish that the Supreme Court improvidently exercised its discretion in directing preclusion and an adverse inference instruction as a result of such noncompliance.
Indeed, "[l]itigation cannot be conducted efficiently if deadlines are not taken seriously," and "the disregard of deadlines should not and will not be tolerated" (Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.], 5 NY3d 514, 521; see Lucas v Stam, 147 AD3d 921, 925).
DILLON, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court