Elaine Farsiso, LLC v Long Is. Compost Corp. (2024 NY Slip Op 02690)

Elaine Farsiso, LLC v Long Is. Compost Corp.

2024 NY Slip Op 02690

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2022-00421
 (Index Nos. 33468/13, 62596/13)

[*1]Elaine Farsiso, LLC, etc., appellant, 
v
Long Island Compost Corp., et al., respondents. (Action No. 1)

Scheyer & Stern, LLC, Nesconset, NY (Fredrick P. Stern of counsel), for appellant.
Harris Beach PLLC, New York, NY (Judi Abbott Curry and Wayne L. Gladstone of counsel), for respondents in Action No 1.
Bartol Law Firm, P.C., Mineola, NY (Diane K. Mendez of counsel), for respondents in Action No. 2.

DECISION & ORDER
In two related actions, inter alia, to recover damages for nuisance, which were joined for discovery and trial, the plaintiff in Action Nos. 1 and 2 appeals from an order of the Supreme Court, Suffolk County (George Nolan, J.), dated December 17, 2021. The order granted the motion of the defendants in Action Nos. 1 and 2 pursuant to CPLR 3126, inter alia, to dismiss the complaint in Action No. 1, and granted the cross-motion of the defendants in Action Nos. 1 and 2 pursuant to CPLR 3126, inter alia, to dismiss the complaint in Action No. 2.
ORDERED that the order is affirmed, with one bill of costs.
The plaintiff owns a 26-acre parcel of real property located on Horseblock Road in Suffolk County, which adjoins a 62-acre parcel owned by Long Island Compost Corp. and Great Gardens, LLC (hereinafter together the defendants). The defendants operate a composting facility on their property. The former owner of the plaintiff's property, Jo-Ann Smith, assigned her claims, causes of action, and rights against the defendants to the plaintiff as part of the sale of the property to the plaintiff.
In August 2013, the plaintiff commenced an action, as assignee of Smith (hereinafter Farsiso I), seeking, inter alia, compensatory damages for diminution in property value due to alleged contaminants in the groundwater from the adjacent facility. In December 2013, the plaintiff commenced a separate action in its own capacity (hereinafter Farsiso II) asserting causes of action, among other things, sounding in trespass, strict liability, nuisance, and prima facie tort and seeking ejectment. In an order dated October 15, 2015, the two actions were joined for discovery and trial.
The defendants served a first set of interrogatories and a first notice to produce in Farsiso I. The plaintiff served responses and objections to the first set of interrogatories and the first notice to produce, including objections that the defendants sought information exclusively within the possession of nonparty Smith. The plaintiff later withdrew the objections relating to Smith and its withdrawal was memorialized in a so-ordered stipulation dated July 28, 2016.
In an order dated June 13, 2017, the Supreme Court granted that branch of a motion by the defendants which was to compel discovery to the extent of directing the plaintiff to comply with outstanding discovery demands by June 30, 2017. Thereafter, in an order dated March 16, 2018, the court denied a second motion by the defendants to compel discovery, but directed the plaintiff to "promptly serve any nonparty discovery demands." In September 2020, the plaintiff moved for an open commission to subpoena Smith's documents and testimony in Florida, where Smith and her son were believed to reside. In an order dated December 4, 2020, the court granted the plaintiff's motion to the extent that the plaintiff was granted an open commission to subpoena Smith's documents in Florida.
Thereafter, the defendants moved pursuant to CPLR 3126, inter alia, to dismiss the complaint in Farsiso I and separately cross-moved for the same relief with respect to Farsiso II. In an order dated December 17, 2021, the Supreme Court granted the defendants' motion and cross-motion. The plaintiff appeals.
Pursuant to CPLR 3126, "[a] court may impose sanctions where a party 'refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed'" (C.K. v City of New York, 216 AD3d 753, 756, quoting CPLR 3126). "'Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR 3126 are matters within the sound discretion of the motion court'" (Cook v SI Care Ctr., 205 AD3d 875, 877, quoting Morales v Zherka, 140 AD3d 836, 836-837). "'Absent an improvident exercise of discretion, the determination to impose sanctions for conduct that frustrates the purpose of the CPLR should not be disturbed'" (Cobo v Pennwalt Corp. Stokes Div., 185 AD3d 650, 652, quoting Lotardo v Lotardo, 31 AD3d 504, 505). Willful or contumacious conduct "'can be inferred from the party's repeated failure to respond to demands or to comply with discovery orders, and the absence of a reasonable excuse for these failures,'" or "'the failure to comply with court-ordered discovery over an extended period of time'" (HSBC Bank USA, N.A. v Giannikakis, 216 AD3d 622, 624, quoting Nationstar Mtge., LLC v Jackson, 192 AD3d 813, 815).
Here, the defendants demonstrated that, over the course of almost six years, the plaintiff failed to comply both with multiple court orders regarding outstanding discovery requests and with the Supreme Court's direction to promptly serve any nonparty discovery demands. Moreover, the plaintiff failed to offer a reasonable excuse for its failure to comply. Although "'[a] party may not be compelled to produce or sanctioned for failing to produce information which he [or she] does not possess'" (G & H Restoration, Inc. v Johnson, 206 AD3d 885, 886-887, quoting Sagiv v Gamache, 26 AD3d 368, 369), here the plaintiff failed to offer a reasonable explanation for its failure to comply with multiple court orders after withdrawing its objections regarding Smith in the July 28, 2016 so-ordered stipulation, or to promptly serve any nonparty discovery demands pursuant to the March 16, 2018 order.
The plaintiff's contention that the requested documents and depositions were not material and necessary to the defense of Farsiso II is unavailing. The plaintiff represented, in support of its motion for an open commission, that it "[had] no other source for the information required" and referred to Smith and her son as "material witnesses" whose testimony was essential to proving the plaintiff's causes of action. The plaintiff's motion for an open commission, as well as the order directing prompt demands for nonparty discovery, pertained to both Farsiso I and Farsiso II, and did not specify that this nonparty disclosure was necessary only for one distinct action or the other (see HSBC Bank USA, N.A. v Branker, 177 AD3d 954, 958).
Under these circumstances, the Supreme Court providently exercised its discretion in directing dismissal of both of the plaintiff's complaints.
The plaintiff's remaining contention is without merit.
BRATHWAITE NELSON, J.P., MILLER, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court