Chiropractic Testing Servs. of N.Y., P.C. v State Farm Mut. Auto Ins. Co. (2025 NY Slip Op 50303(U))

[*1]

Chiropractic Testing Servs. of N.Y., P.C. v State Farm Mut. Auto Ins. Co.

2025 NY Slip Op 50303(U)

Decided on March 10, 2025

Civil Court Of The City Of New York, Kings County

Roper, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 10, 2025
Civil Court of the City of New York, Kings County

Chiropractic Testing Services of New York, P.C. a/a/o Maria E. Avila, Plaintiffs,

against
State Farm Mutual Auto Ins. Co., Defendants.

Index No. 725164/17

Sanders Grossman Aronova, PLLC, Garden City, for Plaintiff
McDonnell Adels & Klestzick, PLLC, Garden City, for Defendant.

Sandra Elena Roper, J.

Upon the foregoing cited papers and after oral argument on January 24, 2025, Defendant's motion pursuant to CPLR § 3126 dismissing Plaintiff's complaint due to Plaintiff's failure to comply with the prior Discovery Orders of this Court dated January 29, 2019, and March 5, 2021, is as follows:
"Resolution of discovery disputes and the nature and degree of the penalty to be imposed pursuant to CPLR § 3126 are matters within the sound discretion of the motion court" (Winters v City of NY, 234 AD3d 805 [2d Dept 2025], citing Morales v Zherka, 140 AD3d 836, 836-837 [2d Dept 2016]). Within such judicial discretion provides for escalating degrees of punitive penalties for continued violations as herein. Judicial Discovery Order One, dated January 29, 2019, imposed the punitive penalty of striking Plaintiff's Notice of Trial; and, although not self-executing but rather upon motion, Judicial Discovery Order Two, dated March 5, 2021, imposed the prospective conditional discovery punitive penalty of dismissal of the complaint. To date, six years after Judicial Order One, Plaintiff has continued to violate the courts' orders as mere suggestions and not consequential enforceable judicial orders. Where Plaintiff in its zealous advocacy engages in these violations of judicial orders as litigation tactics, clearly, Judicial Order Two placed Plaintiff on notice as to the harsh and drastic consequence of dismissal of its [*2]complaint. Of which, This Court is indeed quite deliberate as to the significance thereof. Yet still, Plaintiff continued to violate the judicial orders in failing to produce the discovery solely in its possession for Defendant's Mallella defense, which may have been dispositive by motion for summary judgment (see, Govt. Empls. Ins. Co. v Mayzenberg, 121 F.4th 404, 421 [2d Cir 2024], citing State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313, 219 [2005]). Plaintiff errs in its attempt to argue that the discovery sought has already been provided by EUO, or that information sought is "sensitive" (Plaintiff's post-oral argument Memorandum of Law). Notably, within the six-year period of its violations, Plaintiff failed to move for a protective order to the alleged "sensitive" discoverable items. Furthermore, the determination of the materiality and necessity of the outstanding discovery is not before This Court since having been previously decided by both preceding judicial orders. Before this Court is whether Plaintiff's violation of conditional Judicial Order Two based upon the totality of the circumstances herein pursuant to CPLR § 3126 (3) warrants the harsh drastic remedy of dismissal.
It is well settled, "the willful and contumacious character of the plaintiff's conduct can be inferred from his repeated failure to respond to the defendants' demands for discovery of records, his failure to meaningfully and timely comply with the Supreme Court's order directing such disclosure, and his failure to provide any reasonable excuse for these failures" (Halyard v Magellan Aerospace NY, Inc., 221 AD3d 592, 594 [2d Dept 2023], citing Ewa v City of NY, 186 AD3d 1195, 1196 [2d Dept 2020]; Vays v Luntz, 179 AD3d 744, 747 [2d Dept 2020]; see, Sigma Psychological, P.C. v Chubb Indem. Ins. Co., 40 Misc 3d 129 [A], 2013 NY Slip Op 51107 [U] [App Term 2013]). The period of violative non-compliance of discovery orders is a factor to be considered in the determination of willful and contumacious conduct, such that three years and two years have been held as such (Ewa v City of New York, 186 AD3d at 1196; Vays v Luntz at 747; see, Winters v City of NY, 234 AD3d 805 [2d Dept 2025]). Herein, it has been six years that Plaintiff has continued to violate the judicial discovery orders, which Plaintiff admits. Rather, Plaintiff argues for the remedy of preclusion rather than the draconian remedy of dismissal of the complaint. On the contrary, Defendant properly argues that preclusion would be a detriment to Defendant whereas, inuring to the benefit of the Plaintiff for its willful and contumacious conduct rather than a punitive penalty, which is not the consequential intent envisioned by CPLR § 3126 for bad acts. Plaintiff's bad acts in its violation of judicial orders will not be rewarded. Thus, after six years of violations, which is much more egregious of a period than two or three years, the sole escalating punitive penalty left to This Court is dismissal of the complaint. Plaintiff disobeyed Judicial Order One resulting in the striking of Plaintiff's Notice of Trial, the conditional Judicial Order Two, explicitly warned Plaintiff that disobedience may escalate the punitive penalty to dismissal of the complaint. Plaintiff's six-year continued failure to obey the judicial orders, even where considered a calculated litigation tactic, is an affront to the judiciary, abuse of the administration of justice, abuse of judicial efficiency and abuse of judicial economy (see, CDR Créances S.A.S. v Cohen, 23 NY3d 307, 318 [2014], citing Kihl v Pfeffer, 94 NY2d 118, 123 [1999]). It is of no moment that judicial discovery orders are erroneously regarded as mere mundane suggestions. On the contrary, it is indeed quite timely for the reinforcement of the judicial branch's fundamental role in the state and federal constitutional order in the law; to be obeyed, complied with and enforced subject to the judicial hierarchy. 
For the foregoing reasons, the Defendant's motion to dismiss pursuant to CPLR § 3126 is Granted. This case is dismissed.
This constitutes the Decision and Order of the Court.
Date: March 10, 2025
Brooklyn, New York
Hon. Sandra Elena Roper, JCC
Civil Court Kings County