Allstar Electronics, Inc. v R. Scott DeLuca (2020 NY Slip Op 07018)





Allstar Electronics, Inc. v R. Scott DeLuca


2020 NY Slip Op 07018


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2018-02546
 (Index No. 15048/13)

[*1]Allstar Electronics, Inc., appellant, 
v
R. Scott DeLuca, etc., et al., respondents.


Alan Ripka & Associates, LLP (Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Sanford Hausler], of counsel), for appellant.
Kaufman Dolowich & Voluck LLP, Woodbury, NY (Brett A. Scher and Andrew A. Lipkowitz of counsel), for respondents R. Scott DeLuca and Schrader Israely & DeLuca, LLP.
L'Abbate, Balkan, Colavita & Contini, LLP, Garden City, NY (Marian C. Rice of counsel), for respondents Jeffrey A. Miller and Westerman Ball Ederer Miller & Sharfstein, LLP.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered December 13, 2017. The order granted that branch of the motion of the defendants R. Scott DeLuca and Schrader Israely & DeLuca, LLP, which was pursuant to CPLR 3126 to strike the complaint insofar as asserted against them and the separate motion of the defendants Jeffrey A. Miller and Westerman Ball Ederer Miller & Sharfstein, LLP, pursuant to CPLR 3126 to strike the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with one bill of costs.
In October 2013, the plaintiff commenced this action against the defendants R. Scott DeLuca and Schrader Israely & DeLuca, LLP (hereinafter together the SID defendants), and the defendants Jeffrey A. Miller and Westerman Ball Ederer Miller & Sharfstein, LLP (hereinafter together the Westerman defendants), inter alia, to recover damages for legal malpractice. In June 2017, the SID defendants moved, inter alia, pursuant to CPLR 3126 to strike the complaint insofar as asserted against them due to the plaintiff's failure to provide court-ordered discovery, and the Westerman defendants separately made a similar motion. In an order entered December 13, 2017, the Supreme Court granted the motions. The plaintiff appeals.
"The nature and degree of the penalty to be imposed pursuant to CPLR 3126 against a party who refuses to comply with court-ordered discovery is a matter within the discretion of the court" (Smookler v Dicerbo, 166 AD3d 838, 839; see Pastore v Utilimaster Corp., 165 AD3d 685, 686; Quinones v Long Is. Jewish Med. Ctr., 90 AD3d 632). The striking of a pleading may be appropriate where there is a clear showing that the failure to comply with discovery demands or court-ordered discovery was the result of willful and contumacious conduct (see Ozeri v Ozeri, 135 [*2]AD3d 838, 839; McArthur v New York City Hous. Auth., 48 AD3d 431). "The willful and contumacious character of a party's conduct can be inferred from the party's repeated failure to respond to demands or to comply with discovery orders, and the absence of any reasonable excuse for these failures" (Tos v Jackson Hgts. Care Ctr., LLC, 91 AD3d 943, 943-944; see Smookler v Dicerbo, 166 AD3d at 839; Commisso v Orshan, 85 AD3d 845).
Here, contrary to the plaintiff's contention, the willful and contumacious character of its conduct could properly be inferred from its repeated failures, without an adequate excuse, to timely respond to discovery demands and to comply with the Supreme Court's orders to provide outstanding discovery and set a date for the plaintiff's deposition (see Marino v Armogan, 179 AD3d 664, 666; Broccoli v Kohl's Dept. Stores, Inc., 171 AD3d 846, 847-848; Smookler v Dicerbo, 166 AD3d at 839-840; Montemurro v Memorial Sloan-Kettering Cancer Ctr., 94 AD3d 1066, 1066-1067).
The plaintiff's remaining contentions are improperly raised for the first time on appeal.
Accordingly, we agree with the Supreme Court's determination to grant the separate motions of the SID defendants and the Westerman defendants pursuant to CPLR 3126 to strike the complaint insofar as asserted against each of them.
RIVERA, J.P., CHAMBERS, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court