Nationstar Mtge., LLC v Jackson (2021 NY Slip Op 01420)





Nationstar Mtge., LLC v Jackson


2021 NY Slip Op 01420


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-07521
 (Index No. 502499/14)

[*1]Nationstar Mortgage, LLC, respondent, 
v
Angelise Jackson, et al., defendants, 595 E 3 Management Corp., appellant.


Rosenfeld Law Office, Lawrence, NY (Avi Rosenfeld of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Margaret S. Stefandl of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant 595 E 3 Management Corp. appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated April 19, 2017. The order denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against it and on its eighth counterclaim, and granted the plaintiff's motion pursuant to CPLR 3126 to the extent of striking that defendant's counterclaims and precluding that defendant from offering certain evidence.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage on property owned by the defendant 595 E 3 Management Corp. (hereinafter the defendant). The mortgage secured a note given by Angelise Jackson in 2006 to the plaintiff's predecessor in interest First National Bank of Arizona. The mortgage was subsequently assigned to Aurora Loan Services, LLC, which commenced a prior foreclosure action on January 11, 2008. Jackson filed a bankruptcy petition on September 30, 2009, which was dismissed on January 20, 2010. The premises were thereafter sold to the defendant. The mortgage was assigned to the plaintiff and the prior foreclosure action was voluntarily discontinued. The plaintiff commenced the instant foreclosure action on March 21, 2014.
By notice of motion dated August 9, 2016, the plaintiff moved pursuant to CPLR 3126 to strike the defendant's answer with counterclaims for its failure to provide any disclosure or, in the alternative, to compel disclosure. The plaintiff thereafter filed a note of issue and certificate of readiness. The defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against it and on its eighth counterclaim, which was to cancel and discharge of record the mortgage pursuant to RPAPL 1501(4), based on the statute of limitations. In an order dated April 19, 2017, the Supreme Court denied the defendant's cross motion and granted the plaintiff's motion to the extent of striking the defendant's counterclaims and precluding the defendant from offering any evidence that should have been provided in response to the discovery requests served by the plaintiff. The defendant appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see [*2]CPLR 213[4]). Separate causes of action accrue for each unpaid installment and the statute of limitations begins to run on the date each installment becomes due (see U.S. Bank N.A. v Joseph, 159 AD3d 968, 970). Where, however, a mortgage debt has been accelerated by, for example, the commencement of a foreclosure action, the statute of limitations begins to run on the entire debt (see Citimortgage, Inc. v Ford, 186 AD3d 1609, 1609; Wells Fargo Bank, N.A. v Nesci, 186 AD3d 1584, 1586; Milone v US Bank N.A., 164 AD3d 145, 151-152). Here, even assuming that the mortgage debt was validly accelerated by the commencement of the prior foreclosure action by the plaintiff's predecessor in interest (see generally U.S. Bank N.A. v Gordon, 158 AD3d 832, 836), this action was timely commenced since the statute of limitations was tolled during the bankruptcy stay imposed during the prior foreclosure action (see CPLR 204[a]; 11 USC § 362[c]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 257; Deutsche Bank Natl. Trust Co. v DeGiorgio, 171 AD3d 1267, 1268; U.S. Bank N.A. v Parisi, 169 AD3d 1093, 1094-1095; U.S. Bank N.A. v Joseph, 159 AD3d at 970). Accordingly, the Supreme Court properly denied the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against it and on its eighth counterclaim.
"Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading or preclusion of evidence, where a party 'refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed'" (Aha Sales, Inc. v Creative Bath Prods., Inc., 110 AD3d 1019, 1019, quoting CPLR 3126). The nature and degree of the penalty to be imposed pursuant to CPLR 3126 is a matter within the discretion of the court (see Smookler v Dicerbo, 166 AD3d 838, 839). Although public policy strongly favors that actions be resolved on the merits when possible, a court may resort to the drastic remedies of striking a pleading or precluding evidence upon a clear showing that a party's failure to comply with a disclosure order was the result of willful and contumacious conduct (see Gelin v New York City Tr. Auth., 189 AD3d 789; Turiano v Schwaber, 180 AD3d 950, 951; Gafarova v Yale Realty, LLC, 174 AD3d 862, 863). "The willful or contumacious character of a party's conduct can be inferred from the party's repeated failure to respond to demands or to comply with discovery orders, and the absence of a reasonable excuse for these failures," or by the failure to comply with court-ordered discovery over an extended period of time (Turiano v Schwaber, 180 AD3d at 951-952; see HSBC Bank USA, N.A. v Branker, 177 AD3d 954, 958; Williams v Suttle, 168 AD3d 792, 793).
Here, the willful and contumacious character of the defendant's actions can be inferred from its repeated failure to comply with discovery demands for more than a year, its failure to comply with the deadlines set forth in a compliance conference order, and the absence of any excuse offered for such failures (see Sparakis v Gozzer Corp., 177 AD3d 1011, 1012-1013; Gafarova v Yale Realty, LLC, 174 AD3d at 863; Williams v Suttle, 168 AD3d at 793-794). The Supreme Court's penalties of striking the defendant's counterclaims and precluding the defendant from offering any evidence that should have been provided in response to the plaintiff's discovery requests were proper (see Gafarova v Yale Realty, LLC, 174 AD3d at 863; Williams v Suttle, 168 AD3d at 793-794). Contrary to the defendant's contention, the plaintiff did not waive its objection to the defendant's failure to meet its disclosure obligations by filing a note of issue and certificate of readiness, since the plaintiff's motion seeking discovery sanctions pursuant to CPLR 3126 was pending prior to the date the plaintiff filed the note of issue (cf. J.H. v City of New York, 170 AD3d 816, 818; Iscowitz v County of Suffolk, 54 AD3d 725, 725). Finally, the stay of disclosure effectuated by the defendant's cross motion for summary judgment (see CPLR 3214[b]) did not warrant denial of the plaintiff's motion. Accordingly, the court properly granted the plaintiff's motion to the extent of striking the defendant's counterclaims and precluding the defendant from offering any evidence that should have been provided in response to the discovery requests.
CHAMBERS, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court