Patrick v Lend Lease (US) Constr. LMB, Inc. (2022 NY Slip Op 01458)





Patrick v Lend Lease (US) Constr. LMB, Inc.


2022 NY Slip Op 01458


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2019-09905
 (Index No. 6172/16)

[*1]Harvel Patrick, appellant, 
v
Lend Lease (US) Construction LMB, Inc., et al., respondents.


Sobo & Sobo, LLP, Middletown, NY (Courtney J. Campbell, Mark Cambareri, and Michael Wolff of counsel), for appellant.
London Fischer LLP, New York, NY (William Lamboley, Daniel Zemann, Jr., and Amy Kramer of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated July 23, 2019. The order denied the plaintiff's motion to vacate a prior order of the same court dated February 7, 2019, directing dismissal of the complaint pursuant to CPLR 3126(3), and to restore the action to the calendar.
ORDERED that the order dated July 23, 2019, is affirmed, with costs.
The plaintiff commenced this action in 2016 to recover damages for personal injuries he allegedly sustained in connection with an accident while employed as an electrician on a construction site. On August 15, 2017, the Supreme Court so-ordered the preliminary conference order which, inter alia, directed that party depositions be completed on or before November 15, 2017, and that discovery be completed by February 2, 2018. However, at the compliance conference held on December 19, 2017, the defendants' attorney informed the court that because the authorization obtained from the plaintiff had been rejected, the defendants had not been able to obtain Workers' Compensation records for the plaintiff. Additionally, the parties' depositions had not been conducted. The court directed the plaintiff to provide an updated authorization within 30 days, and stated that the failure to do so would result in dismissal of this action. In a letter from the defendants' attorney to the plaintiff's attorney dated February 21, 2018, counsel again requested a corrected Workers' Compensation authorization.
At a court conference held on May 17, 2018, the defendants' attorney advised the Supreme Court that although party depositions had been conducted, the plaintiff had not provided certain additional authorizations despite a letter request dated March 3, 2018. The court advised the parties that at a previous conference conducted on March 6, 2018, the plaintiff was directed to provide all requested authorizations by March 15, 2018. The court adjourned the matter to September 20, 2018, for a pretrial conference, and again warned the plaintiff that the failure to provide the requested authorizations would result in dismissal of the action.
At the pretrial conference conducted on September 20, 2018, the defendants' attorney again stated, among other things, that the plaintiff had failed to provide authorizations for his Workers' Compensation records. In response, the plaintiff's attorney asserted, among other things, that the plaintiff had provided the defendants "the material we believed that was going to best get [the defendants' attorney] the files that he wanted." The Supreme Court again directed the plaintiff to provide the requested authorizations and stated that the plaintiff's failure to provide the authorizations appeared to be willful.
By letter dated October 9, 2018, the plaintiff's attorney provided the defendants' attorney with an authorization to disclose Workers' Compensation records for the plaintiff concerning accidents on 25 separate dates ranging from August 1985 through January 2013. At the plaintiff's deposition on May 10, 2018, however, the plaintiff had testified, inter alia, that he only had one prior Worker's Compensation claim, filed in either 1998 or 1999.
The parties then entered into a so-ordered stipulation dated December 5, 2018. The so-ordered stipulation, among other things, required that "[o]n or before December 28, 2018, the plaintiff shall provide authorizations for workers' compensation records from the Electrical Employers Self Insurance Safety Plan ('EESISP') for each and every accident identified in the plaintiff's October 9, 2018 authorization," and that the plaintiff's further deposition was adjourned to February 12, 2019.
The parties appeared for a conference on February 7, 2019. During that conference, the defendants' attorney stated that he could not proceed with the plaintiff's further deposition because the plaintiff had not timely provided responsive authorizations as required by the so-ordered stipulation. In an order dated February 7, 2019 (hereinafter the dismissal order), the Supreme Court directed dismissal of the complaint pursuant to CPLR 3126(3), finding both that the plaintiff violated the so-ordered stipulation and that the plaintiff's failures to comply with discovery requests throughout the action were willful and contumacious.
The plaintiff then moved to vacate the dismissal order and to restore the action to the calendar, contending that he fully complied with the so-ordered stipulation. In an order dated July 23, 2019, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
Pursuant to CPLR 3126(3), "[i]f a party . . . refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed pursuant to this article, the court may make such orders with regard to the failure or refusal as are just," including dismissing the action. "[C]ompliance with a disclosure order requires both a timely response and one that evinces a good-faith effort to address the requests meaningfully" (Kihl v Pfeffer, 94 NY2d 118, 123).
"The willful and contumacious character of a party's conduct can be inferred from either the repeated failure to respond to demands or comply with discovery orders, without demonstrating a reasonable excuse for these failures, or the failure to comply with court-ordered discovery over an extended period of time" (Wolf v Flowers, 122 AD3d 728, 729). Although "public policy . . . favors the resolution of cases on the merits, a determination to impose sanctions for conduct which frustrates the disclosure scheme of the CPLR should not be disturbed absent an improvident exercise of discretion" (Orgel v Stewart Tit. Ins. Co., 91 AD3d 922, 924 [internal quotation marks and citations omitted]; see Matter of Apostolidis, 193 AD3d 1039, 1040).
The Supreme Court properly determined that the plaintiff's conduct in failing to comply with the so-ordered stipulation and to produce authorizations for his Workers' Compensation records throughout the duration of this action was willful and contumacious. Not only did these failures occur over an extended period of time, but the plaintiff also failed to offer an adequate explanation for his persistent failure to comply with court-ordered discovery (see Marino v Armogan, 179 AD3d 664, 666; Corex-SPA v Janel Group of N.Y., Inc., 156 AD3d 599, 601; Silberstein v Maimonides Med. Ctr., 109 AD3d 812, 814). Based upon the foregoing, the court providently exercised its discretion in directing dismissal of the complaint pursuant to CPLR 3126(3) and in [*2]denying the plaintiff's motion to vacate the dismissal order and to restore the action to the calendar.
BRATHWAITE NELSON, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court