MTGLQ Invs., L.P. v Baksh (2023 NY Slip Op 01790)

MTGLQ Invs., L.P. v Baksh

2023 NY Slip Op 01790

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-00635 
2020-08290
 (Index No. 70760/18)

[*1]MTGLQ Investors, L.P., appellant, 
v
Amid Baksh, respondent, et al., defendants.

Akerman LLP, New York, NY (James Ng and Ashley S. Miller of counsel), for appellant.
Joseph A. Altman, P.C., Bronx, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated December 2, 2019, and (2) a judgment of the same court dated October 6, 2020. The order, insofar as appealed from, granted the cross-motion of the defendant Amid Baksh for summary judgment dismissing the complaint insofar as asserted against him. The judgment, upon the order, is in favor of the defendant Amid Baksh and against the plaintiff dismissing the complaint insofar as asserted against that defendant.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Amid Baksh.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
On November 28, 2006, Amid Baksh executed a note in favor of America's Wholesale Lender in the sum of $404,000. The note was secured by a mortgage on real property located in New Rochelle. In 2011, Mortgage Electronic Registration Systems, Inc., as nominee for America's Wholesale Lender, assigned the mortgage and the note to Bank of America, N.A. (hereinafter Bank of America). In July 2012, Bank of America commenced an action to foreclose the mortgage against, among others, Baksh (hereinafter the 2012 action). In the complaint in the 2012 action, Bank of America elected to accelerate the maturity date of the loan. In 2016, the mortgage and the note were assigned to MTGLQ Investors, L.P. (hereinafter MTGLQ). In an order dated December 5, 2017, the Supreme Court granted Baksh's oral motion to dismiss the complaint in the 2012 action.
In December 2018, MTGLQ commenced this action to foreclose the mortgage against, among others, Baksh. MTGLQ moved, inter alia, for summary judgment on the complaint insofar as asserted against Baksh and for an order of reference. Baksh cross-moved for summary judgment dismissing the complaint insofar as asserted against him. In an order dated December 2, 2019, the Supreme Court denied MTGLQ's motion and granted Baksh's cross-motion. The court subsequently entered a judgment, upon the order, dismissing the complaint insofar as asserted against Baksh. MTGLQ appeals.
"An action to foreclose a mortgage is subject to a six-year statute of limitations" (Nationstar Mtge., LLC v Jackson, 192 AD3d 813, 814; see CPLR 213[4]). "Separate causes of action accrue for each unpaid installment and the statute of limitations begins to run on the date each installment becomes due" (Nationwide Mtge., LLC v Jackson, 192 AD3d at 814-815). "Where, however, a mortgage debt has been accelerated by, for example, the commencement of a foreclosure action, the statute of limitations begins to run on the entire debt" (id. at 815).
Here, the Supreme Court correctly determined that this action was time-barred. In support of his cross-motion, Baksh submitted the summons and complaint from the 2012 action, which showed that Bank of America had accelerated the maturity date on the loan in July 2012. As MTGLQ commenced this action more than six years later, in December 2018, Baksh demonstrated, prima facie, that this action was time-barred (see CPLR 213[4]; Nationwide Mtge., LLC v Jackson, 192 AD3d at 814-815). In opposition, MTGLQ failed to raise a triable issue of fact. Contrary to MTGLQ's contention, a finding that this action was time-barred did not conflict with the terms of the note or the mortgage. Nor was the statute of limitations tolled during the pendency of the 2012 action. Although MTGLQ failed to raise its tolling argument before the court, "it presents a pure question of law that appears on the face of the record and could not have been avoided if raised at the proper juncture" (Federal Natl. Mtge. Assn. v Walter, 199 AD3d 889, 890). However, contrary to MTGLQ's contention, RPAPL 1301(3) was not a statutory prohibition pursuant to CPLR 204(a), and as such, the time during which the 2012 action was pending did not toll the running of the statute of limitations (see First Am. Tit. Ins. Co. v Holohan, 189 AD3d 1180, 1182; Daldan, Inc. v Deutsche Bank Natl. Trust Co., 188 AD3d 989, 991; Citimortgage, Inc. v Ford, 186 AD3d 1609, 1610). Accordingly, this action was time-barred, and the court properly granted Baksh's cross-motion for summary judgment dismissing the complaint insofar as asserted against him.
We decline Baksh's request to impose sanctions against MTGLQ for taking an allegedly frivolous appeal (see 22 NYCRR 130-1.1).
BARROS, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court