HSBC Bank USA, N.A. v Giannikakis (2023 NY Slip Op 02300)

HSBC Bank USA, N.A. v Giannikakis

2023 NY Slip Op 02300

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2019-10369
 (Index No. 29710/12)

[*1]HSBC Bank USA, National Association, etc., appellant, 
v
Ioannis Giannikakis, as administrator c.t.a. of the estate of Marguerite A. Giannikakis, respondent, et al., defendants.

Reed Smith, LLP, New York, NY (Natsayi Mawere and Diane A. Bettino of counsel), for appellant.
Stim & Warmuth, P.C., Farmingville, NY (Glenn P. Warmuth of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated September 4, 2018. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Emanuel Giannikakis, as executor of the estate of Marguerite A. Giannikakis, and for an order of reference, in effect, granted the cross-motion of Emanuel Giannikakis, as executor of the estate of Marguerite A. Giannikakis, pursuant to CPLR 3126 to impose discovery sanctions, and directed a hearing to determine the sanctions to be imposed.
ORDERED that the appeal from so much of the order as directed a hearing to determine the sanctions to be imposed is dismissed; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
On February 21, 2006, Emanuel Giannikakis (hereinafter Emanuel), as attorney-in-fact for his wife, Marguerite A. Giannikakis (hereinafter Marguerite), executed a note in the amount of $245,000, which was secured by a mortgage encumbering real property located in Brentwood. Marguerite died on June 28, 2007, and Emanuel was appointed the executor of her estate (hereinafter the estate). In September 2012, the plaintiff commenced this action to foreclose the mortgage against Emanuel, in his capacity as executor of the estate, among others. The plaintiff alleged in the complaint that the date of default was November 1, 2007. Emanuel answered the complaint, asserting several affirmative defenses. Emanuel alleged, among other things, that the check remitting the payment for November 2007 had been cashed by the plaintiff's servicer but had not been properly credited to the account, and further, that his attempts to ascertain the amount needed to bring the mortgage loan current had been rebuffed since he was not the mortgagor. Subsequently, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Emanuel and for an order of reference. Emanuel opposed the motion, and cross-moved pursuant to [*2]CPLR 3126 to impose discovery sanctions, arguing, among other things, that the plaintiff repeatedly and willfully failed to provide discovery related to the missing payment.
In an order dated September 4, 2018, the Supreme Court, inter alia, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, on the ground that there remained triable issues of fact as to, among other things, whether there had been a default under the terms of the note and mortgage agreement, and on the separate ground that summary judgment in the plaintiff's favor was not warranted due to the plaintiff's failure to provide court-ordered discovery. The court also, in effect, granted Emanuel's cross-motion to impose discovery sanctions, and directed a hearing to determine the sanctions to be imposed. The court determined, inter alia, that "some sanction against the plaintiff is warranted for ignoring the so-ordered stipulations and the Court's explicit directive to provide the sought-after discovery." The plaintiff appeals. During the pendency of the appeal, Emanuel died, and Ioannis Giannikakis, as administrator c.t.a. of the estate of Marguerite A. Giannikakis, was substituted as the respondent.
Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading or preclusion of evidence, where a party refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed (see Nationstar Mtge., LLC v Jackson, 192 AD3d 813). "The willful or contumacious character of a party's conduct can be inferred from the party's repeated failure to respond to demands or to comply with discovery orders, and the absence of a reasonable excuse for these failures, or by the failure to comply with court-ordered discovery over an extended period of time" (id. at 815 [internal quotation marks omitted]).
Here, the willful and contumacious character of the plaintiff's actions can be inferred from its repeated failure to comply with discovery demands for two years and its failure to comply with the deadlines set forth in a preliminary conference order and two so-ordered stipulations (see id. at 816; U.S. Bank N.A. v Sirota, 189 AD3d 927; cf. U.S. Bank N.A. v Hadar, 206 AD3d 688). Accordingly, the Supreme Court, upon properly determining that some sanction was appropriate, properly, in effect, granted Emanuel's cross-motion pursuant to CPLR 3126 to impose discovery sanctions. The appeal from so much of the order as directed a hearing to determine the sanctions to be imposed must be dismissed, since no appeal lies from an order directing a hearing to aid in the disposition of a motion (see Lilac Group-Schenectady, Inc. v Ellis Hosp., 211 AD3d 931, 933).
"Generally, in a mortgage foreclosure action, a plaintiff demonstrates its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of default" (Deutsche Bank Natl. Trust Co. v Kingsbury, 171 AD3d 871, 871; see US Bank N.A. v Okoye-Oyibo, 213 AD3d 718, 719-720). Under the circumstances of this case, we find no basis to disturb the Supreme Court's determination that triable issues of fact exist as to, among other things, whether there was a default under the terms of the note and mortgage agreement. Accordingly, the court properly denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Emanuel and for an order of reference.
DILLON, J.P., CHAMBERS, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court