Morales v Valeo (2023 NY Slip Op 03861)

Morales v Valeo

2023 NY Slip Op 03861

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-06077
 (Index Nos. 605284/18, 601305/19)

[*1]Cecilia Morales, et al., respondents, 
v
Daniel L. Valeo, et al., appellants, et al., defendants (and another action).

Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Daniel Valeo and Gary Valeo appeal from an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), entered July 10, 2020. The order, insofar as appealed from, denied those branches of those defendants' unopposed motion which were pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them, or, in the alternative, pursuant to CPLR 3042 and 3126 to dismiss the complaint insofar as asserted against them by the plaintiff Cecilia Morales.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the unopposed motion of the defendants Daniel Valeo and Gary Valeo which was pursuant to CPLR 3042 and 3126 to dismiss the complaint insofar as asserted against them by the plaintiff Cecilia Morales, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In April 2018, Cecilia Morales and Katty Varelatumbaco commenced an action against Daniel Valeo and Gary Valeo (hereinafter together the defendants), among others, to recover damages for personal injuries the plaintiffs allegedly sustained in an automobile accident. The defendants subsequently moved, inter alia, pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them, or, in the alternative, pursuant to CPLR 3042 and 3126 to dismiss the complaint insofar as asserted against them by Morales. In support of the motion, the defendants contended that dismissal was warranted pursuant to CPLR 3216 based upon the plaintiffs' failure to file a note of issue as directed by a certification order dated October 8, 2019. The defendants argued, in the alternative, that the complaint should be dismissed insofar as asserted against them by Morales based upon her repeated failure over an extended period of time to comply with court-ordered discovery and the parties' discovery stipulation and to respond to the defendants' demands for a verified bill of particulars and discovery.
The plaintiffs did not oppose the defendants' motion. By order entered July 10, 2020, the Supreme Court, inter alia, denied those branches of the defendants' unopposed motion which were pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them, or, in the alternative, pursuant to CPLR 3042 and 3126 to dismiss the complaint insofar as asserted against them by Morales. The defendants appeal.
We affirm so much of the order as denied that branch of the defendants' unopposed motion which was pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them, albeit on a different ground than that relied upon by the Supreme Court. "A court may not dismiss an action based on neglect to prosecute unless the statutory preconditions to dismissal, as articulated in CPLR 3216, are met" (Patel v MBG Dev., Inc., 41 AD3d 682, 682; see Baczkowski v Collins Constr. Co., 89 NY2d 499, 503). Effective January 1, 2015, the legislature amended, in several significant respects, the statutory preconditions to dismissal under CPLR 3216 (see Rhodehouse v CVS Pharm., Inc., 151 AD3d 771, 772). One such precondition is that where, as here, a written demand to resume prosecution of the action within 90 days of receipt of such demand is made by the court, "the demand shall set forth the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation" (CPLR 3216[b][3]). Here, the certification order dated October 8, 2019, did not constitute a valid 90-day demand pursuant to CPLR 3216 because it failed to set forth any specific conduct constituting neglect by the plaintiffs (see Goetz v Public Serv. Truck Renting, Inc., 162 AD3d 859, 860-861; Rhodehouse v CVS Pharm., Inc., 151 AD3d at 773).
However, the Supreme Court improvidently exercised its discretion in denying that branch of the defendants' unopposed motion which was pursuant to CPLR 3042 and 3126 to dismiss the complaint insofar as asserted against them by Morales. "Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading or preclusion of evidence, where a party 'refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed'" (Aha Sales, Inc. v Creative Bath Prods., Inc., 110 AD3d 1019, 1019; see Gelin v New York City Tr. Auth., 189 AD3d 789, 792). "Although public policy strongly favors that actions be resolved on the merits when possible, a court may resort to the drastic remedies of striking a pleading or precluding evidence upon a clear showing that a party's failure to comply with a disclosure order was the result of willful and contumacious conduct" (Nationstar Mtge., LLC v Jackson, 192 AD3d 813, 815; see Rector v City of New York, 174 AD3d 660, 660-661). "Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply, or a failure to comply with court-ordered discovery over an extended period of time" (Sansone v Syracuse Univ., 202 AD3d 851, 852 [internal quotation marks omitted]).
Here, Morales's willful and contumacious conduct can be inferred from her repeated failures over an extended period of time to comply with court-ordered discovery and the parties' discovery stipulation and to respond to the defendants' demands for a verified bill of particulars and discovery without an adequate excuse (see L.K. v City of New York, 210 AD3d 753, 754; Sansone v Syracuse Univ., 202 AD3d at 853; Ewa v City of New York, 186 AD3d 1195, 1196; Raymond v Rutherford, 12 AD3d 355, 356). Contrary to the Supreme Court's determination, the requirements of 22 NYCRR 202.7 were satisfied by the affirmations of the defendants' attorneys, which, inter alia, adequately set forth counsels' good faith efforts to resolve the discovery issues raised by the defendants' motion (see id. § 202.7[a][2]; [c]; Lombardi v Lombardi, 190 AD3d 964, 966; Encalada v Riverside Retail, LLC, 175 AD3d 467, 469; Maliah-Dupass v Dupass, 166 AD3d 873, 874).
BARROS, J.P., BRATHWAITE NELSON, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court