Muhammad v Ramadan (2024 NY Slip Op 03054)

Muhammad v Ramadan

2024 NY Slip Op 03054

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2021-08344
 (Index No. 703222/17)

[*1]Imam Askia Muhammad, et al., respondents,
v
A. Yusuf Ramadan, et al., appellants, et al., defendants.

Davis, Ndanusa, Ikhlas & Saleem, LLP (Biolisi Law Group, P.C., New York, NY [Steven Alexander Biolisi], of counsel), for appellants.
Capell Barnett Matalon & Schoenfeld LLP, New York, NY (Joseph Milano of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, the defendants A. Yusuf Ramadan, Qasim Abdul-Mani, Abdul Rashid, and Muhammad's Temple of Islam, Inc., now known as Masjid Nuriddin, Inc., appeal from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), dated September 2, 2021. The order granted the plaintiffs' motion pursuant to CPLR 3126 to strike those defendants' answer.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action, inter alia, to recover damages for breach of fiduciary duty against, among others, the defendants A. Yusuf Ramadan, Qasim Abdul-Mani, Abdul Rashid, and Muhammad's Temple of Islam, Inc., now known as Masjid Nuriddin, Inc. (hereinafter collectively the defendants). The plaintiffs thereafter moved pursuant to CPLR 3126 to strike the defendants' answer for the defendants' failure to comply with court orders relating to discovery and to respond to the plaintiffs' discovery demands. In an order dated September 2, 2021, the Supreme Court granted the plaintiffs' motion. The defendants appeal.
"Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading or preclusion of evidence, where a party 'refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed'" (Aha Sales, Inc. v Creative Bath Prods., Inc., 110 AD3d 1019, 1019, quoting CPLR 3126; see Morales v Valeo, 218 AD3d 676, 678). "When a party fails to comply with a court order and frustrates the disclosure scheme set forth in the CPLR, it is within the court's discretion to strike or dismiss a pleading" (Empire Enters. I.J.J.A., Inc. v Daimler Buses of N. Am., Inc., 172 AD3d 819, 820; see Sansone v Syracuse Univ., 202 AD3d 851, 852). "The striking of a pleading may be appropriate where there is a clear showing that the failure to comply with discovery demands or court-ordered discovery was the result of willful and contumacious conduct" (Allstar Elecs., Inc. v DeLuca, 188 AD3d 1121, 1122; see Sansone v Syracuse Univ., 202 AD3d at 852). "Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply, or a failure to comply with court-ordered discovery over an extended period of time" (Sansone v Syracuse Univ., 202 [*2]AD3d at 852 [internal quotation marks omitted]; see Morales v Valeo, 218 AD3d at 678).
Here, the Supreme Court providently exercised its discretion in granting the plaintiffs' motion pursuant to CPLR 3126 to strike the defendants' answer. The defendants' willful and contumacious conduct can be inferred from their repeated failures over an extended period of time to comply with court-ordered discovery and the parties' discovery stipulation and to respond to the plaintiffs' demands for discovery without an adequate excuse (see Morales v Valeo, 218 AD3d at 678; Allstar Elecs., Inc. v DeLuca, 188 AD3d at 1122).
The parties' remaining contentions need not be reached in light of our determination.
DUFFY, J.P., CHRISTOPHER, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court