Taglianetti v Bay Ridge Med. Imaging, P.C. (2024 NY Slip Op 03706)

Taglianetti v Bay Ridge Med. Imaging, P.C.

2024 NY Slip Op 03706

Decided on July 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-08350
 (Index No. 509582/16)

[*1]Alan Taglianetti, appellant, 
v
Bay Ridge Medical Imaging, P.C., respondent.

Michael A. Cervini (Diamond and Diamond LLC, Brooklyn, NY [Stuart Diamond], of counsel), for appellant.
Martin Clearwater & Bell LLP, New York, NY (Richard Wolf, Gregory A. Cascino, and John J. Barbera of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated September 20, 2022. The order, insofar as appealed from, denied the plaintiff's motion to extend the time to file a note of issue and granted that branch of the defendant's cross-motion which was pursuant to CPLR 3126 to strike the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In June 2016, the plaintiff commenced this action against the defendant to recover damages for medical malpractice and lack of informed consent relating to an MRI scan that he underwent in 2015. Pursuant to an order dated July 11, 2019, the fourth discovery-related order issued in this action directing the plaintiff to comply with past-due discovery demands, the plaintiff was required, among other things, to provide certain compliant authorizations on or before July 22, 2019, and to file a note of issue on or before January 22, 2020. The plaintiff failed to provide all of the compliant authorizations required or to file a note of issue. On June 23, 2022, the defendant served the plaintiff with a 90-day notice pursuant to CPLR 3216. By notice of motion dated July 14, 2022, the plaintiff moved to extend the time to file a note of issue. The defendant opposed the plaintiff's motion and cross-moved, among other things, pursuant to CPLR 3126 to strike the complaint based on the plaintiff's repeated failure over an extended period of time to comply with the defendant's discovery demands and court-ordered discovery. In an order dated September 20, 2022, the Supreme Court, inter alia, granted that branch of the defendant's cross-motion and denied the plaintiff's motion. The plaintiff appeals.
"'Pursuant to CPLR 3126, a court may impose discovery sanctions, including the striking of a pleading or preclusion of evidence, where a party refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed'" (Morales v Valeo, 218 AD3d 676, 678, quoting Aha Sales, Inc. v Creative Bath Prods., Inc., 110 AD3d 1019, 1019). "'Although public policy strongly favors that actions be resolved on the merits when possible, a court may resort to the drastic remedies of striking a pleading or precluding evidence upon a clear showing that a party's failure to comply with a disclosure order was the result [*2]of willful and contumacious conduct'" (Morales v Valeo, 218 AD3d at 678, quoting Nationstar Mtge., LLC v Jackson, 192 AD3d 813, 815). "The willful and contumacious character of a party's conduct can be inferred from either the repeated failure to respond to demands or comply with discovery orders, without demonstrating a reasonable excuse for these failures, or the failure to comply with court-ordered discovery over an extended period of time" (Patrick v Lend Lease [US] Constr. LMB, Inc., 203 AD3d 836, 838 [internal quotation marks omitted]; see Morales v Valeo, 218 AD3d 676).
Here, the plaintiff's willful and contumacious conduct can be inferred from his repeated failure to timely and fully comply with the defendant's discovery demands and court-ordered discovery, without an adequate excuse (see Hongyan Sun v Lee, 212 AD3d 717, 719; Sheikh v Poplardo, 207 AD3d 775, 776). Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the defendant's cross-motion which was pursuant to CPLR 3126 to strike the complaint.
The plaintiff's remaining contentions need not be reached in light of our determination.
DILLON, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court