US Bank N.A. v Calhoun (2025 NY Slip Op 01726)

US Bank N.A. v Calhoun

2025 NY Slip Op 01726

Decided on March 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 20, 2025

Before: Manzanet-Daniels, J.P., Kern, Kapnick, González, Scarpulla, JJ. 

Index No. 807517/21|Appeal No. 3941|Case No. 2024-03864|

[*1]US Bank National Association as Legal Title Trustee for Truman 2012 SC2 Title Trust, Plaintiff-Appellant,
v
William Calhoun Also Known as William E. Calhoun, Defendant-Respondent, Petro, Inc. Doing Business as New Age Fuel Co., et al., Defendants.

J. Robbin Law, Armonk (Jacquelyn A. DiCicco of counsel), for appellant.
Law Office of Aaron G. Baily, Hawthorne (Aaron G. Baily of counsel), for respondent.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered April 30, 2024, which denied plaintiff's motion for summary judgment and, upon a search of the record, awarded summary judgment to defendants and dismissed the complaint as time-barred, unanimously affirmed, with costs.
Following our dismissal of a prior residential mortgage foreclosure action by non-party Wells Fargo Bank, N.A. against defendant William Calhoun (the 2012 action)[FN1], plaintiff US Bank National Association filed this action to foreclose upon the same mortgage. The current action was commenced, and the summary judgment motion fully briefed, prior to the New York State Legislature's enactment of the Foreclosure Abuse Prevention Act (L 2022, ch 821) (FAPA) on December 30, 2022. Although the parties stipulated to a briefing schedule in the motion court to submit supplemental memoranda of law regarding FAPA, neither party opted to file additional briefs.
On appeal, plaintiff argues that FAPA is inapplicable because it does not apply retroactively. However, this Court has held that the Legislature intended FAPA to be retroactive (Bank of N.Y. Mellon v Del Rio, 233 AD3d 529, 531 [1st Dept 2024]; Bayview Loan Servicing, LLC v Dalal, 232 AD3d 487, 488 [1st Dept 2024]; Genovese v Nationstar Mtge. LLC, 223 AD3d 37, 44 [1st Dept 2023], appeal dismissed, lv denied 42 NY3d 947 [2024]). Moreover, FAPA plainly applies to cases like this one where a final judgment of foreclosure has not been entered (L 2022, ch 821, § 10).
Considering FAPA's retroactivity, plaintiff's reliance on CPLR 205(a), which was replaced by CPLR 205-a in December 2022 with respect to foreclosure actions, is misplaced (L 2022, ch 821 §§ 5, 6, and 10). Further, plaintiff cannot benefit from the CPLR 205-a savings provision because the 2012 action was commenced by nonparty Wells Fargo, and plaintiff failed to plead or prove that, in bringing the current action, it was acting on Wells Fargo's behalf (see CPLR 205-a[a][1]; B & H Fla. Notes LLC v Ashkenazi, 221 AD3d 480, 482 [1st Dept 2023]).
Applying FAPA retroactively in this case is not unconstitutional. Plaintiff argues that retroactive application unconstitutionally infringes on its right to due process, effects an unconstitutional regulatory taking in violation of the Takings Clause and constitutes an unconstitutional restraint on trade. However, this Court has already held that applying FAPA retroactively does not violate due process and does not constitute an unconstitutional regulatory taking when applied before any judgment is entered (see Bank of N.Y. Mellon, 233 AD3d at 531-532). Moreover, the only case plaintiff cites to support its argument that FAPA constitutes an unconstitutional restraint on trade is inapposite as that case applied state and federal antitrust law, not constitutional law (cf. Mastercard Intl., Inc. v. Witter (1993 WL 338213, 1993 US Dist LEXIS 11964 [SD NY 1993]).
Plaintiff's contention that the statute of limitations was tolled [*2]under CPLR 204(a)'s tolling provision during the pendency of the 2012 action is also unavailing. RPAPL 1301(3), as amended by FAPA, is not a stay or statutory prohibition pursuant to CPLR 204(a), thus the pendency of the 2012 action did not toll the statute of limitations (see MTGLQ Invs., L.P. v Baksh, 215 AD3d 666, 668 [2d Dept 2023]).
Accordingly, the motion court correctly dismissed the complaint as time-barred. It is undisputed that plaintiff brought this foreclosure action more than six years after its cause of action accrued, and as discussed above, there are no applicable savings or tolling provisions.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT. 
ENTERED: March 20, 2025

Footnotes

Footnote 1: U.S. Bank, N.A. v Calhoun, 190 AD3d 625 (1st Dept 2021).