Barua v IM Peculiar, Inc. (2025 NY Slip Op 06591)

Barua v IM Peculiar, Inc.

2025 NY Slip Op 06591

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LILLIAN WAN
JAMES MCCORMACK, JJ.

2024-00083
 (Index No. 520566/20)

[*1]Shipra Barua, respondent, 
v
IM Peculiar, Inc., et al., defendants, P & B Builders Corp., appellant.

Nicoletti Spinner Ryan Gulino Pinter LLP, New York, NY (Matthew G. Corcoran of counsel), for appellant.
Turturro Law, P.C., Staten Island, NY (Natraj S. Bhushan of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendant P & B Builders Corp. appeals from an amended order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated November 29, 2023. The amended order, insofar as appealed from, (1) granted that branch of that defendant's motion which was pursuant to CPLR 3126 to preclude the plaintiff from offering evidence, testimony, or affidavits in support of the complaint only to the extent of precluding the plaintiff from offering any evidence, affidavits, or testimony at trial that relied on any document that was requested by that defendant but not disclosed by the plaintiff as of the date of the amended order, and (2) denied that branch of that defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the amended order is affirmed insofar as appealed from, with costs.
In October 2020, the plaintiff commenced this action, inter alia, to recover damages for negligence, alleging, among other things, that the defendant P & B Builders Corp. (hereinafter P & B), a contractor, negligently caused damage to the plaintiff's property by excavating and engaging in construction activities at a property next door. P & B served multiple discovery demands on the plaintiff and filed multiple motions to address what it considered to be deficient discovery responses. In an order dated November 30, 2022 (hereinafter the November 2022 order), the Supreme Court, inter alia, directed the plaintiff to provide responses to outstanding discovery demands and noted that "[f]ailure to comply with this order will result in the non-complying party being precluded from offering evidence, testifying at trial, or submitting an affidavit in response to any dispositive motion, upon further motion for same, pursuant to CPLR 3126(2)."
In January 2023, P & B, invoking the November 2022 order, moved pursuant to CPLR 3126 to preclude the plaintiff from offering evidence, testimony, or affidavits in support of the complaint and for summary judgment dismissing the complaint insofar as asserted against it. In an amended order dated November 29, 2023 (hereinafter the amended order), the Supreme Court granted P & B's motion to the extent of precluding the plaintiff from offering any evidence, affidavits, [*2]or testimony at trial that relied on any document that was requested by P & B but not disclosed by the plaintiff as of the date of the amended order. The court otherwise denied the motion. P & B appeals.
As an initial matter, contrary to P & B's contention, the November 2022 order was not a conditional order of preclusion, as it required an additional motion before any sanctions became absolute. Therefore, P & B's contention that the sanctions discussed in the November 2022 order were automatically applied upon the plaintiff's failure to comply with that order is without merit.
"The nature and degree of a penalty imposed pursuant to CPLR 3126 for failure to comply with discovery is within the trial court's discretion" (Briano v LKT Transp., 23 AD3d 421, 421). "Although public policy strongly favors that actions be resolved on the merits when possible, a court may resort to the drastic remedies of striking a pleading or precluding evidence upon a clear showing that a party's failure to comply with a disclosure order was the result of willful and contumacious conduct" (Nationstar Mtge., LLC v Jackson, 192 AD3d 813, 815). "The willful and contumacious character of a party's conduct can be inferred from either the repeated failure to respond to demands or comply with discovery orders, without demonstrating a reasonable excuse for these failures, or the failure to comply with court-ordered discovery over an extended period of time" (L.K. v City of New York, 210 AD3d 753, 754 [internal quotation marks omitted]).
Here, the plaintiff's willful and contumacious conduct can be inferred by the plaintiff's repeated failure to respond to demands and comply with discovery orders without a reasonable excuse for doing so. However, under the circumstances, the Supreme Court providently exercised its discretion in only precluding the plaintiff from offering any evidence, affidavits, or testimony at trial that relied on documents that were requested by P & B but that the plaintiff failed to disclose (see Huseinovic v Lee Wilson Mgt., LLC, 230 AD3d 577, 580).
"It is fundamental that summary judgment should only be granted where there are no material and triable issues of fact and that issue finding, as opposed to issue determination, is the key to summary judgment" (Paulin v Needham, 28 AD3d 531, 531 [citations and internal quotation marks omitted]). As the documents disclosed by the plaintiff prior to the date of the amended order raised a triable issue of fact as to whether the plaintiff's property was damaged by P & B's alleged negligence during its contracting work on the property next door, P & B was not entitled to summary judgment dismissing the complaint insofar as asserted against it.
GENOVESI, J.P., FORD, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court